**STATE of Vermont v. William CURRIER**

[649 A.2d 246]

No. 94-097

September 6, 1994.

Defendant was sentenced to life imprisonment on January 31, 1994. Shortly thereafter, the defendant sent a letter to the trial court which stated: "I do not wish to appeal my criminal case, which resulted in life imprisonment. Thank you anyways." The court scheduled a hearing on the issue.* At the hearing, the court asked the defendant whether he still wanted to give up his right to have the case reviewed by the Supreme Court. Defendant responded, "I don't have any comment." The only matter conclusively established at the hearing was that the defendant signed the letter after receiving the advice of counsel. No attempt was made to determine whether the waiver was knowing and intelligent.

Rule 3(b) of the Vermont Rules of Appellate Procedure provides that in any criminal case resulting in life imprisonment, appeal to the Supreme Court shall be automatic unless the defendant with the advice of counsel has waived such appeal in writing. It is clear that the defendant sent a letter to the trial court relinquishing his right to appeal, and that defendant received the advice of counsel, but acted contrary to that advice. Our inquiry does not end here, however. A defendant will not be permitted to forego an appeal unless the trial court determines that the defendant's decision was knowingly and intelligently made. *Franz v. State*, 754 S.W.2d 839, 843 (Ark. 1988).

---

* The defendant originally sent this letter to the Franklin Family Court; the family court subsequently forwarded this letter to the Franklin District Court.

The standard to be used by a trial court in determining whether a decision to waive appeal is knowing and intelligent is similar to the standard used to determine competency to stand trial. *Id.* The defendant is competent if he possesses sufficient capacity to appreciate his position and make rational choices with respect to continuing or abandoning further litigation. *Id.* (citing *Rees v. Peyton*, 384 U.S. 312, 314 (1966)). The focus should be upon not only the defendant's ability to understand the basic issue but also upon his ability to resolve it knowingly and voluntarily. *Franz*, 754 S.W.2d at 843. Additionally, the court must ensure, through an appropriate colloquy, that defendant possesses the relevant information upon which to base an informed decision and has had the full benefit of the advice of counsel.

Because no attempt was made to determine whether defendant's waiver was knowing and intelligent, the State's motion to dismiss is denied. The State may renew the motion if, following new proceedings in the trial court, it believes a valid waiver has been made. This matter is remanded to the trial court for further proceedings consistent with this order.

**Allen, C.J.,** concurring in part, dissenting in part. I agree that the motion filed by the State of Vermont should be denied, but do not believe a remand is necessary. This Court is required by V.R.A.P. 3(b) to review the record in the interests of justice whenever a life sentence is imposed. This obligation can only be avoided when the defendant with his counsel's advice waives the appeal. The waiver here was contrary to counsel's advice and our review is required.

I would recommend that the Advisory Committee on the Rules of Criminal Procedure be requested to review V.R.A.P. 3(b) with respect to the issues presented in this appeal and to make recommendations for an amendment to assure that

628

automatic appeals reach this Court in a timely fashion.