**STATE of Vermont v. Arnold GARDNER**

[733 A.2d 732]

No. 99-015

February 2, 1999. Pursuant to a plea agreement with the State, defendant has entered a plea of guilty to a felony charge of operating a vehicle under the influence of intoxicating liquor in violation of 23 V.S.A. §§ 1201(a)(2) and 1210(d) (relating to third or subsequent offense). Defendant agreed to be sentenced pursuant to 13 V.S.A. § 11, which permits incarceration for a period of "up to and including life" upon the fourth or subsequent conviction for any felony other than murder. The plea agreement included the dismissal of certain other pending charges and a sentence of four years, six months to life with all but four years and six months suspended in favor of probation. On December 21, 1998 defendant filed a document indicating that he did not wish to appeal the conviction. This document also bears the signature of defendant's counsel, under the word "Approved." The district court conducted a hearing and thereafter

determined that defendant had entered his guilty plea voluntarily, with knowledge and understanding of the consequences and after a knowing waiver of his constitutional rights. Judgment was entered accordingly, and the clerk of the district court has transmitted notice of these proceedings to this Court.

Pursuant to V.R.A.P. 3(b), no notice of appeal is necessary "[i]n any criminal case resulting in a sentence of life imprisonment." Under the rule, this Court "shall in each such case review the record in the interests of justice and pass upon any claim of error therein as if a notice of appeal has been filed, unless the defendant with the advice of counsel has waived such appeal in writing." *Id.*

Although we assume defendant entered into the plea agreement with the intention of complying with his conditions of probation and thus serving only four and a half years of incarceration, this is still a criminal case resulting in a sentence of life imprisonment within the meaning of V.R.A.P. 3(b). The district court is empowered to place a defendant on probation only "[a]fter passing sentence." 28 V.S.A. § 205(a).

In *State v. Currier*, 162 Vt. 626, 649 A.2d 246 (1994), we held that a defendant to whom V.R.A.P. 3(b) applies "will not be permitted to forego an appeal unless the trial court determines that the defendant's decision was knowingly and intelligently made." *Id.* at 627, 649 A.2d at 247. We have reviewed the record of the hearing at which the trial court accepted defendant's guilty plea. At the hearing, the court specifically and in a detailed manner inquired of defendant as to the basis for his decision to waive his appellate rights. The trial court made the requisite determinations, and it is further apparent that defendant has acted on advice of counsel. Accordingly, we will not consider the case under the automatic appeal provisions of V.R.A.P. 3(b).

*Remanded.*

Motion for reargument denied March 9, 1999.

