REES *v.* PEYTON, PENITENTIARY
SUPERINTENDENT.

No. 321, Misc.  Decided May 31, 1966.

*S. White Rhyne, Jr.,* and *Charles A. Dukes, Jr.,* for petitioner.

*Reno S. Harp III,* Assistant Attorney General of Virginia, for respondent.

*Monroe H. Freedman* and *Melvin L. Wulf* for the American Civil Liberties Union et al., as *amici curiae,* in support of the petition.

PER CURIAM.

Following a related federal conviction and life sentences for kidnapping, *United States* v. *Rees,* 193 F. Supp. 849, Melvin Davis Rees, Jr., was convicted of murder

and sentenced to death by a state court in Virginia, and the judgment was affirmed on appeal in 1962. *Rees* v. *Commonwealth*, 203 Va. 850, 127 S. E. 2d 406, cert. denied, 372 U. S. 964. Thereafter, a habeas corpus petition was filed in the United States District Court for the Eastern District of Virginia, alleging that the state court conviction had violated federal constitutional rights of Rees. The District Court rejected these claims, 225 F. Supp. 507, and the Court of Appeals for the Fourth Circuit affirmed, 341 F. 2d 859. With Rees' consent, his counsel then filed in this Court on June 23, 1965, the present petition for certiorari to review the Court of Appeals' decision, and the petition is therefore properly before us for disposition.

Nearly one month after this petition had been filed, Rees directed his counsel to withdraw the petition and forgo any further legal proceedings. Counsel advised this Court that he could not conscientiously accede to these instructions without a psychiatric evaluation of Rees because evidence cast doubt on Rees' mental competency. After further letters from Rees to his counsel and to this Court maintaining his position, counsel had Rees examined by a psychiatrist who filed a detailed report concluding that Rees was mentally incompetent. Psychiatrists selected by the State who sought to examine Rees at the state prison found themselves thwarted by his lack of cooperation, but expressed doubts that he was insane.

Whether or not Rees shall be allowed in these circumstances to withdraw his certiorari petition is a question which it is ultimately the responsibility of this Court to determine, in the resolution of which Rees' mental competence is of prime importance. We have therefore determined that, in aid of the proper exercise of this Court's certiorari jurisdiction, the Federal District Court in which this proceeding commenced should upon due notice to the State and all other interested parties make a judi-

cial determination as to Rees' mental competence and render a report on the matter to us. While other courses have been suggested, cf. *Anderson* v. *Kentucky,* 376 U. S. 940, we think that all things considered the initial step should be the one just indicated. Until that step has been taken, we do not consider ourselves in a position to determine what disposition should be made of Rees' petition for certiorari.

Accordingly, we shall retain jurisdiction over the cause in this Court and direct the District Court to determine Rees' mental competence in the present posture of things, that is, whether he has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises. To that end, it will be appropriate for the District Court to subject Rees to psychiatric and other appropriate medical examinations and, so far as necessary, to temporary federal hospitalization for this purpose. Cf. 18 U. S. C. §§ 4244–4245 (1964 ed.). If the State wishes to obtain additional evidence for the federal inquiry by examining Rees in its own facilities, we do not foreclose such a supplemental course of action. The District Court will hold such hearings as it deems suitable, allowing the State and all other interested parties to participate should they so desire, and will report its findings and conclusions to this Court with all convenient speed.

*It is so ordered.*