Kirk B. LENHARD and George E. Franzen, Clark County Deputy Public Defenders, Individually and as next friends acting on behalf of Jesse Walter Bishop, Petitioners,

v.

Charles WOLFF, Warden, Nevada State Prison System, and Richard Lippold, Warden, Maximum Security Unit, Respondents.

No. 79–2632.

United States Court of Appeals, Ninth Circuit.

Aug. 24, 1979.

* Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation.

Anthony G. Amsterdam, Stanford, Cal., argued, for petitioners.

Edwin E. Taylor, Jr., Carson City, Nev., argued, for respondents.

Before WRIGHT, SNEED and HUG, Circuit Judges.

PER CURIAM:

The emergency application for a stay of execution of the sentence of death imposed upon Jesse Walter Bishop presently set for Monday, August 27, 1979 is denied and the appeal from the denial of the writ of habeas corpus is dismissed. Messrs. Lenhard and Franzen, Deputy Public Defenders of Clark County, Nevada, attempting to appear as next friend acting on behalf of Bishop, filed the application for the stay and the appeal.

Jesse Bishop, proceeding in propria persona, pleaded guilty to nine felony charges including murder and was sentenced to death in the Eighth Judicial District Court, Clark County, Nevada on February 10, 1978. During the course of the arraignment, Bishop moved to dismiss his court appointed counsel, the public defender, making it known that he desired to plead guilty to all charges. The court ordered a psychiatric evaluation of his competence to do so. He was then examined by three psychiatrists and on January 23, 1978, based upon their conclusions, he was found to be competent to enter a guilty plea, to discharge his attorneys and to represent himself. The trial court therefore permitted Bishop to act as his own counsel. The two attorneys who had represented him were ordered to stand by to render any assistance Bishop requested.

Bishop pleaded guilty to all counts and after a penalty hearing before a three-judge panel, appointed pursuant to the Nevada statute, he was sentenced to death.

On his mandatory appeal to the Nevada Supreme Court, Bishop at first consented to being represented by the public defender and thereafter changed his mind and sought to have the appeal dismissed. The Nevada Supreme Court, however, declined to dismiss and ruled on the merits affirming the conviction with one dissenting vote.

The petitioners herein were the court appointed counsel for Bishop who were discharged at Bishop's request but ordered by the court to stand by for consultation. They have since been discharged of responsibility but filed the petition for writ of habeas corpus and for stay of execution in the United States District Court for the District of Nevada as next friends of Bishop, acting under ethical and moral obligations arising from their past representations

of Bishop. The district judge denied the petitions on the grounds that the petitioners had no standing as next friend.

Bishop himself has steadfastly maintained that he does not wish to seek relief in the federal courts and refuses to authorize any petition for habeas corpus or stay of execution to be filed on his behalf. Most recently he appeared in open court at the hearing before the district court on August 23, 1979 and declared that he believes he has a constitutional right to waive any rights to a federal appeal and desires to do so. He maintained he was intelligently and competently exercising his right to refrain from seeking relief from the federal courts.

The petitioners concede that if Bishop is competent he may indeed refuse to pursue relief in the federal courts, acknowledging that this is in accord with the holding of *Gilmore v. Utah,* 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976). The issue as framed by the petitioners is that the execution should be stayed until a competency hearing can be held to determine Bishop's competence to waive possible relief in the federal courts. Petitioners contend this is mandated by *Rees v. Peyton,* 384 U.S. 312, 86 S.Ct. 1505, 16 L.Ed.2d 583 (1966), wherein the Supreme Court remanded for such a hearing. In *Rees,* however, there was conflicting psychiatric evidence concerning the competence of Rees. In that case Rees had been found by one psychiatrist to be mentally incompetent.

■ In this case, in contrast, there has been no showing of Bishop's incompetence. He was found to be competent by three psychiatrists to plead guilty, discharge his counsel and proceed with his own defense at the time of his trial in January of 1978. It is true that time has elapsed since, but there has been no showing of evidence which indicates incompetence. He has refused to be examined by a psychiatrist chosen by the petitioners. At the request of the State he has been examined by a licensed psychiatrist, Jerry Howle, ph.D. and M.D. practicing in Reno, Nevada, on August 21, 1979, who found him to be competent, "having the capacity to appreciate his posi-

tion and make a rational choice with respect to continuing or abandoning further litigation." Petitioners correctly point out that this information was only supplied by an affidavit of Dr. Howle and was not equivalent to a finding of competence after a judicial hearing. However, this does serve to emphasize the lack of any evidence of incompetence which would justify the asserted standing of the petitioners to proceed as next friends. Some minimum showing of incompetence must appear before a hearing is necessary. *See de Kaplany v. Enomoto,* 540 F.2d 975 (9th Cir. 1976) (en banc). Petitioners assert that certain statements of Bishop's in the transcripts and in newspaper reports indicate incompetence. We find that these statements are equally consistent with rational thought processes and do not furnish sufficient evidence to justify a hearing.

Bishop was found to be competent at the time of trial by three psychiatrists; he was observed by the panel of three judges during the penalty hearing; he was observed in a subsequent proceeding before the trial court on July 25, 1979; he appeared personally before the United States District Court on August 23, 1979; and he was examined by a licensed psychiatrist on August 21, 1979. On none of these occasions was there an indication to those responsible persons that he was incompetent. We find that there has been no evidence of incompetence sufficient to warrant a hearing on the issue.

■ It is clear from the testimony of Bishop before the district court that he does not authorize and in fact contests the right of these petitioners to bring the writ of habeas corpus or to request stay of execution. Therefore, under the holding of *Gilmore v. Utah,* 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976), petitioners lack standing to bring the writ or request the stay.

The application for stay of execution is denied and the appeal from the denial of a writ of habeas corpus is dismissed.

SNEED, Circuit Judge (concurring):

I fully concur in the court's opinion. As I see it, *Rees v. Peyton* is not controlling

because there exists on the record now before us no evidence that causes us to experience doubt concerning Bishop's "capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation." Nor does the record suggest that Bishop suffers from a mental disease, disorder, or defect which could affect his capacity to choose not to pursue his federal remedies with respect to the sentence of death imposed by Nevada. 384 U.S. at 314, 86 S.Ct. at 1506. *Cf. de Kaplany v. Enomoto,* 540 F.2d 975, 983 (9th Cir. 1976). Put briefly, the record reflects that Bishop is competent to forego these remedies.

That being the case, Messrs. Lenhard and Franzen, albeit fine lawyers attempting to avoid what they perceive to be a miscarriage of justice, have no standing to initiate this proceeding and the district court had no jurisdiction to consider it. Our evaluation of the record to determine whether a *Rees* hearing is necessary is required to ascertain whether jurisdiction exists.

I am convinced that Bishop is sane and that he has made a knowing and intelligent choice to forego his federal remedies. It is difficult for me to imagine that I would make a similar choice were I in his position. What I might do, however, is not the test. Bishop is an individual who, for reasons I can fathom only slightly, has chosen to forego his federal remedies. Assuming his competence, which on this record I must, he should be free to so choose. To deny him that would be to incarcerate his spirit—the one thing that remains free and which the state need not and should not imprison.