737 F.Supp. 77 (1990)
Edwin and Doris BAAL, on behalf of Thomas BAAL, Petitioners,
v.
Salvadore GODINEZ, Warden of the State of Nevada Maximum Security Prison, Brian McKay, Attorney General of the State of Nevada, Respondents.
No. CV-N-90-243-HDM.
United States District Court, D. Nevada.
May 31, 1990.
Franny A. Forsman by N. Patrick Flanagan, Office of the Federal Public Defender, Las Vegas, Nev., for petitioners.
David Sarnowski, Deputy Atty. Gen., Carson City, Nev., for respondents.

ORDER
McKIBBEN, District Judge.
On this date the petitioners, Edwin and Doris Baal, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioners, who are the parents of Thomas Baal, contend they are the "next friend" of the defendant, Thomas Baal. The court appointed the Federal Public Defender for the District of Nevada to represent the petitioners at the hearing before the court this date.
The court conducted a hearing on the petition at which time the petitioners were present and represented by N. Patrick Flanagan, and the respondents were represented by David Sarnowski. The defendant, Thomas Baal, was available to the court through a telephonic communication which permitted the defendant to hear the court proceedings and permitted all those in attendance in court to communicate with the defendant from his location at the Nevada State Prison in Carson City, Nevada.
After consideration of the pleadings and the statements to the court and the evidence presented, and being fully advised, the court finds and determines for the reasons more fully set forth by the court at the conclusion of the hearing, which reasons are by reference incorporated herein in haec verba and summarized as follows:
The petitioners have established as parents of the defendant that they are "dedicated to the best interests of the person" (Defendant) on whose behalf they seek to litigate. However, the court finds the petitioners have failed to establish an adequate explanation of why their son, Thomas Baal, cannot appear on his own behalf to prosecute this action under the standard established in Whitmore v. Arkansas, ___ U.S. ___, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). This is so, as the court more fully set forth in oral findings and conclusions *78 from the bench, because all of the evidence before the court, including psychiatric statements and testimony given in earlier proceedings before the Nevada State Court, establishes the defendant is legally competent to understand the nature and consequences of his act and to represent his own interests in these proceedings, with the exception of the affidavit of Dr. Jerry Howle. In that connection, the court finds that affidavit to be conclusory and lacking sufficient foundation or substance to warrant either a psychiatric hearing or additional psychiatric examinations of the defendant. Such evidence is insufficient to warrant the relief the petitioners seek. Evans v. Bennett, 440 U.S. 1301, 1304, 99 S.Ct. 1481, 1483, 59 L.Ed.2d 756 (1979) (application for temporary stay of execution granted), 440 U.S. 987, 99 S.Ct. 1986, 60 L.Ed.2d 370 (1979) (application for stay denied). Further, it is clear from the statements and testimony of the defendant, Thomas Baal, in state court and before this court, that he wishes to proceed on his own. It is further clear that he opposes any stay and does not authorize Petitioners to bring this writ of habeas corpus. Further, he contests the right of the petitioners to request a stay of execution.
The defendant, Thomas Baal, is acting freely and voluntarily, with a full understanding of the nature and consequences of his acts. He is not acting under duress, and he is competent to decide whether to request a stay of execution on his own behalf. The defendant has made a knowing, intelligent, and voluntary waiver of his right to proceed. He has access to the federal court, and he has waived that right of access. The court finds the petitioners have failed to adequately explain why the defendant, Thomas Baal, cannot appear on his own behalf in this action. The defendant is competent to waive the prosecution of this action on his own behalf.
The petitioners have failed to establish that this court has jurisdiction to entertain this petition. Therefore, under the authority of Gilmore v. Utah, 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976), Whitmore v. Arkansas, ___ U.S. ___, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990), Evans v. Bennett, 440 U.S. at 1301, 99 S.Ct. at 1481, and Lenhard v. Wolff, 603 F.2d 91, 93 (9th Cir.1979), the petitioners' application for stay of execution is DENIED.
It is so ORDERED.