File Name: 06a0175n.06
Filed: March 8, 2006

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ABDUL AWKAL,                          )
                                      )
        Petitioner-Appellant,         )
                                      )
v.                                    )          ORDER
                                      )
BETTY MITCHELL,                       )
                                      )
        Respondent-Appellee.          )
_____)

Before:  MOORE, COLE, and GILMAN, Circuit Judges.


        Abdul Awkal ("Awkal"), an Ohio state death-row inmate represented by counsel, filed a pro

se motion to withdraw his petition for a writ of habeas corpus and forgo further challenges to his

convictions and death sentence.  Awkal's counsel argued that Awkal does not possess the requisite

mental competency to make the decision to withdraw his appeal.  We remanded this case to the

district court to hold a limited evidentiary hearing as to Awkal's competency to withdraw his appeal,

and the district court found that Awkal was not competent to withdraw his appeal.  We issued an

order to show cause as to why the appeal should not then proceed, and the parties filed the requested

responses.

        In 1992, an Ohio jury convicted Awkal of two counts of aggravated murder with prior

calculation and design, each with mass murder and firearm specifications, and he was sentenced to

death.  His convictions and sentence were affirmed on direct appeal.  *State v. Awkal*, No. 66291,

1995 WL 229123 (Ohio Ct. App. Apr. 13, 1995), *aff'd,* 667 N.E.2d 960 (Ohio 1996). He unsuccessfully sought post-conviction relief, *State v. Awkal*, No. 73267, 1998 WL 827585 (Ohio Ct. App. Nov. 25, 1998), and the Ohio Supreme Court declined further review. *State v. Awkal*, 708 N.E.2d 209 (Ohio 1999) (Table).

Awkal subsequently filed a petition for a writ of habeas corpus in the federal district court, which denied the petition without conducting an evidentiary hearing. The district court did not grant a certificate of appealability ("COA") for any of Awkal's claims. We granted a COA for his claims of ineffective assistance of trial counsel at the culpability and sentencing phases and prosecutorial misconduct arising from the prosecution's closing argument at the culpability phase. The parties have fully briefed these claims.

On March 2, 2004, Awkal filed a motion to terminate his appeal, explaining that he does not believe that he can prevail and that twelve years is "long enough to fight a cause." His counsel responded that Awkal did not possess the requisite mental competence to decide to withdraw his appeal and that the case should be remanded to the district court for a determination regarding Awkal's competency. The warden responded and suggested three options for our consideration: 1) delay resolution of the motion until the appeal has been decided; 2) dismiss the case as no evidence suggests that Awkal is not competent to withdraw his appeal; or 3) remand the case to the district court for a competency determination.

We remanded the case to the district court on June 25, 2004, for the purpose of holding a limited evidentiary hearing concerning whether Awkal was competent to withdraw his appeal and forgo all further challenges to his convictions and sentence. The Supreme Court has articulated the following legal standard to be applied when a death row inmate seeks to withdraw his or her habeas

appeal: "whether he has [the] capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Rees v. Peyton*, 384 U.S. 312, 314 (1966); *see also Harper v. Parker*, 177 F.3d 567, 572 (6th Cir. 1999) (applying *Rees* standard). We instructed the district court to apply the *Rees* standard in making its determination.

On remand, the district court ordered a psychiatric examination of Awkal. Dr. Phillip Resnick — a well-respected psychiatrist — conducted the examination on February 2, 2005, and Dr. Resnick also reviewed some earlier reports regarding Awkal's competency and sanity. Dr. Resnick stated that "[i]t is my opinion with reasonable medical certainty that Mr. Awkal currently suffers from a mental disease that substantially affects his capacity to make a rational choice with regard to continuing to litigate appeals of his death penalty conviction." Dr. Resnick Report at 17. The district court concluded that "Petitioner currently is not in a position to waive his habeas corpus appeals." District Court Order dated March 3, 2005.

On September 8, 2005, we ordered responses to a show-cause order as to why the appeal should not proceed, and the warden filed a response on October 8, 2005, arguing that the appeal should proceed. Awkal submitted an untimely response on October 25, 2005, suggesting either an indefinite stay of the proceedings or a hearing on this issue. As Awkal's response to the show-cause order was untimely, we allowed the warden to file a response on January 31, 2006, to Awkal's filing.

As approximately one year has passed since the district court's determination that Awkal was not competent to withdraw his appeals, we remand this case to the district court for an update as to Awkal's current competency. As in the first remand, the district court should analyze whether

Awkal *now* "has [the] capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation," or "is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Rees*, 384 U.S. at 314; *Harper*, 177 F.3d at 572.

We are bound in this case by our unanimous decision in *Harper*, in which we properly relied upon the Supreme Court's decision in *Rees*. *Harper*, 177 F.3d at 572 (citing *Rees*, 384 U.S. at 314). We do not share the partial dissent's concerns about the possibility of future changes to this precedent, and this precedent clearly establishes that 18 U.S.C. § 4241 is not the proper standard to use in determining Awkal's competency to withdraw his appeal. In *Harper*, we specifically referred to § 4241 for guidance as to the question of whether the petitioner had a "statutory right to a full evidentiary hearing on [the issue of] competence," *id*. at 571, but we quoted the test articulated in *Rees* when we discussed the correct standard for the competency determination itself, *id*. at 572. *Harper* clearly acknowledged that *Rees* — and not § 4241 — is the relevant precedent for the question of competency to withdraw an appeal, as do we in this case.

Accordingly, this case is hereby remanded to the district court to determine expeditiously whether Awkal is competent to withdraw his appeal and forgo all further challenges to his convictions and sentence. This appeal will be held in abeyance pending the determination of Awkal's current competency by the district court.

**RONALD LEE GILMAN, Circuit Judge, concurring in part and dissenting in part.**

Today the majority remands this case for a second time for an update as to Awkal's competency to withdraw his habeas corpus appeal. Although I agree that such a remand is necessary because of the passage of time since the first remand, I believe that the scope of the questions to be answered by the district court should be expanded. I therefore concur in part and dissent in part.

The remand order as written asks the district court to inquire into Awkal's current competency to waive his habeas corpus appeal by using the *Rees* standard. *See Rees v. Peyton*, 384 U.S. 312, 313 (1966) (per curiam). Although I believe that we are bound by this court's decision in *Harper v. Parker*, 177 F.3d 567 (6th Cir. 1999), to remand for a determination of Awkal's competency under the *Rees* standard, I am not convinced that this is ultimately the correct standard to employ. If this case ends up before the Sixth Circuit sitting en banc or the United States Supreme Court, there is at least the possibility that the competency standard embodied in 18 U.S.C. § 4241—the near-universal standard for competency in the federal system—will be adopted in the habeas context to the exclusion of *Rees*. This eventuality militates in favor of expanding the scope of the remand order to ask the district court to inquire into whether Awkal is competent under § 4241.

Here is why. By asking both the *Rees* question—whether Awkal has the capacity to make a rational choice to withdraw his habeas petition—and the questions required by § 4241—whether Awkal is able to understand the nature and consequences of the proceedings and able to assist in his defense—we will prevent the possibility of still another remand to determine Awkal's competency. But by asking only the *Rees* question, any subsequent decision disagreeing with our use of the *Rees*

standard (assuming arguendo that there is such decision) would require a *third* remand for a determination of Awkal's competency under § 4241. We should therefore include in this remand order a request that the district court assess Awkal's competency under both potentially controlling standards in order to avoid the possibility of further remands in this case.

Which standard is ultimately found to apply is critical here because Awkal may well be found competent under § 4241 but incompetent under *Rees*. The outcome of Awkal's pro se motion to withdraw his appeal, and for that matter the entire rest of the proceedings in this case, may therefore rest on the legal determination of the applicable competency standard.

Despite over ten years of treatment for his mental health problems, Awkal has generally maintained that the state should execute him. Awkal says that he hears his dead wife's voice calling him to join her, and that 50% of his reason for wanting to die is his feeling of guilt for civilian deaths in the Middle East. Essentially because these reasons for withdrawing his appeal seem irrational, the result of the first remand was a finding under *Rees* that Awkal was incompetent to withdraw his appeal. If the prior ten years of experience are any indication as to the next ten and the ten after that, Awkal will never achieve a level of competency that would allow him to forgo his appeal under the *Rees* standard. The case would then likely end up in a state of perpetual stay, essentially commuting Awkal's death sentence to one of life imprisonment without parole.

If, on the other hand, the § 4241 standard is found to be controlling, then Awkal may well be found competent. He seems to understand the nature and consequences of the proceedings. His pro se motion was a detailed, six-page recitation of the complicated procedural posture of this case. The clarity with which he discussed the status of the proceedings suggests that he understands what

is going on and what is at stake. This ability to understand the proceedings and to communicate clearly also suggests that Awkal has the capacity to assist in his defense. If the district court findings unfold in this way, then Awkal would likely satisfy the § 4241 standard for competency.

Because the outcome of this case hinges on the determination of which competency standard applies—*Rees* or § 4241—I would have the district court ask both sets of questions on remand. Then if either the en banc court or the United States Supreme Court should later decide that § 4241 is the proper standard, a ruling could promptly be made on Awkal's pro se motion pursuant to that standard. In the name of judicial efficiency, I therefore **DISSENT** as to the omission of the § 4241 standard from the remand order.

ENTERED BY ORDER OF THE COURT

_____
Leonard Green, Clerk