Abdul Awkal (“Awkal”), an Ohio state death-row inmate represented by counsel, filed a pro se motion to withdraw his petition for a writ of habeas corpus and forgo further challenges to his convictions and death sentence. Awkal’s counsel argued that Awkal does not possess the requisite mental competency to make the decision to withdraw his appeal. We remanded this case to the district court to hold a limited evidentiary hearing as to Awkal’s competency to withdraw his appeal, and the district court found that Awkal was not competent to withdraw his appeal. We issued an order to show cause as to why the appeal should not then proceed, and the parties filed the requested responses.
In 1992, an Ohio jury convicted Awkal of two counts of aggravated murder with pri- or calculation and design, each with mass murder and firearm specifications, and he was sentenced to death. His convictions and sentence were affirmed on direct appeal. State v. Awkal, No. 66291, 1995 WL 229123 (Ohio Ct.App. Apr. 13, 1995), aff'd, 76 Ohio St.3d 324, 667 N.E.2d 960 (1996). He unsuccessfully sought post-conviction relief, State v. Awkal, No. 73267, 1998 WL 827585 (Ohio Ct.App. Nov. 25, 1998), and the Ohio Supreme Court declined further review. State v. Awkal, 85 Ohio St.3d 1442, 708 N.E.2d 209 (Ohio 1999) (Table).
Awkal subsequently filed a petition for a writ of habeas corpus in the federal dis *249 trict court, which denied the petition without conducting an evidentiary hearing. The district court did not grant a certificate of appealability (“COA”) for any of Awkal’s claims. We granted a COA for his claims of ineffective assistance of trial counsel at the culpability and sentencing phases and prosecutorial misconduct arising from the prosecution’s closing argument at the culpability phase. The parties have fully briefed these claims.
On March 2, 2004, Awkal filed a motion to terminate his appeal, explaining that he does not believe that he can prevail and that twelve years is “long enough to fight a cause.” His counsel responded that Awkal did not possess the requisite mental competence to decide to withdraw his appeal and that the case should be remanded to the district court for a determination regarding Awkal’s competency. The warden responded and suggested three options for our consideration: 1) delay resolution of the motion until the appeal has been decided; 2) dismiss the case as no evidence suggests that Awkal is not competent to withdraw his appeal; or 8) remand the case to the district court for a competency determination.
We remanded the case to the district court on June 25, 2004, for the purpose of holding a limited evidentiary hearing concerning whether Awkal was competent to withdraw his appeal and forgo all further challenges to his convictions and sentence. The Supreme Court has articulated the following legal standard to be applied when a death row inmate seeks to withdraw his or her habeas appeal: “whether he has [the] capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises.” Rees v. Peyton, 384 U.S. 312, 314, 86 S.Ct. 1505, 16 L.Ed.2d 583 (1966); see also Harper v. Parker, 177 F.3d 567, 572 (6th Cir.1999) (applying Rees standard). We instructed the district court to apply the Rees standard in making its determination.
On remand, the district court ordered a psychiatric examination of Awkal. Dr. Phillip Resnick—a well-respected psychiatrist—conducted the examination on February 2, 2005, and Dr. Resnick also reviewed some earlier reports regarding Awkal’s competency and sanity. Dr. Res-nick stated that “[i]t is my opinion with reasonable medical certainty that Mr. Awkal currently suffers from a mental disease that substantially affects his capacity to make a rational choice with regard to continuing to litigate appeals of his death penalty conviction.” Dr. Resnick Report at 17. The district court concluded that “Petitioner currently is not in a position to waive his habeas corpus appeals.” District Court Order dated March 3, 2005.
On September 8, 2005, we ordered responses to a show-cause order as to why the appeal should not proceed, and the warden filed a response on October 8, 2005, arguing that the appeal should proceed. Awkal submitted an untimely response on October 25, 2005, suggesting either an indefinite stay of the proceedings or a hearing on this issue. As Awkal’s response to the show-cause order was untimely, we allowed the warden to file a response on January 31, 2006, to Awkal’s filing.
As approximately one year has passed since the district court’s determination that Awkal was not competent to withdraw his appeals, we remand this case to the district court for an update as to Awkal’s current competency. As in the first remand, the district court should analyze whether Awkal now “has [the] capacity to appreciate his position and make a rational *250 choice with respect to continuing or abandoning further litigation,” or “is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises.” Rees, 384 U.S. at 314, 86 S.Ct. 1505; Harper, 177 F.3d at 572.
We are bound in this case by our unanimous decision in Harper, in which we properly relied upon the Supreme Court’s decision in Rees. Harper, 177 F.3d at 572 (citing Rees, 384 U.S. at 314, 86 S.Ct. 1505). We do not share the partial dissent’s concerns about the possibility of future changes to this precedent, and this precedent clearly establishes that 18 U.S.C. § 4241 is not the proper standard to use in determining Awkal’s competency to withdraw his appeal. In Harper, we specifically referred to § 4241 for guidance as to the question of whether the petitioner had a “statutory right to a full eviden-tiary hearing on [the issue of] competence,” id. at 571, but we quoted the test articulated in Rees when we discussed the correct standard for the competency determination itself, id. at 572. Harper clearly acknowledged that Rees—and not § 4241-—is the relevant precedent for the question of competency to withdraw an appeal, as do we in this case.
Accordingly, this case is hereby remanded to the district court to determine expeditiously whether Awkal is competent to withdraw his appeal and forgo all further challenges to his convictions and sentence. This appeal will be held in abeyance pending the determination of Awkal’s current competency by the district court.