RONALD LEE GILMAN, Circuit Judge,
concurring in part and dissenting in part.
Today the majority remands this case for a second time for an update as to Awkal’s competency to withdraw his habe-as corpus appeal. Although I agree that such a remand is necessary because of the ■passage of time since the first remand, I believe that the scope of the questions to be answered by the district court should be expanded. I therefore concur in part and dissent in part.
The remand order as written asks the district court to inquire into Awkal’s current competency to waive his habeas corpus appeal by using the Rees standard. See Rees v. Peyton, 384 U.S. 312, 313, 86 S.Ct. 1505, 16 L.Ed.2d 583 (1966) (per curiam). Although I believe that we are bound by this court’s decision in Harper v. Parker, 177 F.3d 567 (6th Cir.1999), to remand for a determination of Awkal’s competency under the Rees standard, I am not convinced that this is ultimately the correct standard to employ. If this case ends up before the Sixth Circuit sitting en banc or the United States Supreme Court, there is at least the possibility that the competency standard embodied in 18 U.S.C. § 4241—the near-universal standard for competency in the federal system—will be adopted in the habeas context to the exclusion of Rees. This eventuality militates in favor of expanding the scope of the remand order to ask the district court to inquire into whether Awkal is competent under § 4241.
Here is why. By asking both the Rees question—whether Awkal has the capacity to make a rational choice to withdraw his habeas petition—and the questions required by § 4241—whether Awkal is able to understand the nature and consequences of the proceedings and able to assist in his defense—we will prevent the possibility of still another remand to determine Awkal’s competency. But by asking only the Rees question, any subsequent decision disagreeing with our use of the Rees standard (assuming arguendo that there is such decision) would require a third remand for a determination of Awk *251 al’s competency under § 4241. We should therefore include in this remand order a request that the district court assess Awkal’s competency under both potentially controlling standards in order to avoid the possibility of further remands in this case.
Which standard is ultimately found to apply is critical here because Awkal may well be found competent under § 4241 but incompetent under Rees. The outcome of Awkal’s pro se motion to withdraw his appeal, and for that matter the entire rest of the proceedings in this case, may therefore rest on the legal determination of the applicable competency standard.
Despite over ten years of treatment for his mental health problems, Awkal has generally maintained that the state should execute him. Awkal says that he hears his dead wife’s voice calling him to join her, and that 50% of his reason for wanting to die is his feeling of guilt for civilian deaths in the Middle East. Essentially because these reasons for withdrawing his appeal seem irrational, the result of the first remand was a finding under Rees that Awkal was incompetent to withdraw his appeal. If the prior ten years of experience are any indication as to the next ten and the ten after that, Awkal will never achieve a level of competency that would allow him to forgo his appeal under the Rees standard. The case would then likely end up in a state of perpetual stay, essentially commuting Awkal’s death sentence to one of life imprisonment without parole.
If, on the other hand, the § 4241 standard is found to be controlling, then Awkal may well be found competent. He seems to understand the nature and consequences of the proceedings. His pro se motion was a detailed, six-page recitation of the complicated procedural posture of this case. The clarity with which he discussed the status of the proceedings suggests that he understands what is going on and what is at stake. This ability to understand the proceedings and to communicate clearly also suggests that Awkal has the capacity to assist in his defense. If the district court findings unfold in this way, then Awkal would likely satisfy the § 4241 standard for competency.
Because the outcome of this case hinges on the determination of which competency standard applies—Rees or § 4241—I would have the district court ask both sets of questions on remand. Then if either the en banc court or the United States Supreme Court should later decide that § 4241 is the proper standard, a ruling could promptly be made on Awkal’s pro se motion pursuant to that standard. In the name of judicial efficiency, I therefore DISSENT as to the omission of the § 4241 standard from the remand order.