OPINION *Page 2 
{¶ 1} On March 4, 1998, the Richland County Grand Jury indicted appellant, August Cassano, on one count of aggravated murder with death penalty specifications in violation of R.C. 2903.01. Said charge arose from an incident wherein appellant stabbed his cellmate to death while they were both inmates at the Mansfield Correctional Institution.
 {¶ 2} A jury trial commenced on April 26, 1999. The jury found appellant guilty and recommended a death sentence. By judgment entry filed May 26, 1999, the trial court sentenced appellant to death.
 {¶ 3} On December 9, 1999, appellant filed a pro se motion to waive any and all postconviction relief. By judgment entry filed February 15, 2000, the trial court granted the motion without hearing.[1]
 {¶ 4} On January 17, 2001, appellant filed a pro se motion to reinstate postconviction relief. On February 26, 2004, appellant via counsel again filed a motion to reinstate postconviction relief. On February 28, 2007, appellant filed a third motion to reinstate postconviction relief. By judgment entry filed March 26, 2007, the trial court denied appellant's motion to reinstate postconviction relief, finding appellant could not demonstrate that he was not guilty of the aggravating circumstance which was that he was an inmate in a penal institution at the time he killed his cellmate, and furthermore, appellant had waived and/or exhausted his appeals and therefore he was barred from reasserting postconviction relief claims. *Page 3 
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO REINSTATE HIS PETITION FOR POST-CONVICTION RELIEF BECAUSE A HEARING WAS NEVER HELD TO DETERMINE WHETHER APPELLANT'S WAIVER OF HIS RIGHT TO POST CONVICTION PROCEEDING WAS KNOWINGLY AND INTELLIGENTLY MADE."
 II {¶ 7} "THE TRIAL COURT MISAPPLIED R.C. § 2953.21 IN ITS DENIAL OF APPELLANT'S MOTION TO REINSTATE HIS POST CONVICTION PETITION."
 I {¶ 8} Appellant claims the trial court erred in denying his motion to reinstate postconviction relief after his December 9, 1999 waiver of any and all postconviction relief.
 {¶ 9} At the very minimum, appellant argues he should be afforded a hearing on the issues pursuant to State v. Berry (1997),80 Ohio St.3d 371, which states the following at 374:
 {¶ 10} "In Rees v. Peyton (1996), 384 U.S. 312, 86 S.Ct. 1505,16 L.Ed.2d 583, one Rees (a condemned prisoner) filed a petition for certiorari in the United States Supreme Court seeking review of a federal court judgment denying habeas corpus relief. Subsequently, Rees directed his counsel to withdraw the petition and forgo any *Page 4 
further attacks on his conviction and sentence. Counsel had Rees examined by a psychiatrist, who concluded that Rees was incompetent.
 {¶ 11} "The Supreme Court, while retaining jurisdiction over the cause, directed the federal district court to determine Rees's mental competence, framing the question as follows: `[W]hether he has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises.' 384 U.S. at 314,86 S.Ct. at 1506, 16 L.Ed.2d at 584-585."
 {¶ 12} In affirming the United States Supreme Court's position on postconviction, the Berry court at 375, quoting from Smith v.Armontrout (C.A.8, 1987), 812 F.2d 1050, set forth the following standard for the examination of such capacity to withdraw:
 {¶ 13} "`[T]he petitioner's literal interpretation of the half of theRees test which asks whether the prisoner suffers from a "a mental disease, disorder, or defect which may substantially affect his capacity," would conflict with a similarly literal interpretation of the other half of the test, which asks whether the prisoner has, rather than absolutely, certainly, or undoubtedly has, the capacity to appreciate his position and make a rational choice. Though Rees recites these two portions of the standard as disjunctive alternatives, there is necessarily an area of overlap between the category of cases in which at the threshold we see a possibility that a decision is substantially affected by a mental disorder, disease, or defect, and that of cases in which, after proceeding further, we conclude that the decision is in fact the product of rational thought process. *Page 5 
 {¶ 14} "`Furthermore, we think it very probable* * *that in every case where a death-row inmate elects to abandon further legal proceedings, there will be a possibility that the decision is the product of a mental disease, disorder, or defect. Yet, Rees clearly contemplates that competent waivers are possible* * *and there is little point in conducting a competency inquiry if a finding of incompetency is virtually a foregone conclusion.' 812 F.2d at 1057.
 {¶ 15} "We agree with the Smith court's analysis and therefore reject the notion that the bare possibility of a mental disorder's substantially affecting the condemned's decision-making capacity is enough to require a finding of incompetence. Ultimately, the question is not whether a defendant `may' lack capacity to make a rational choice, but whether he in fact has that capacity."
 {¶ 16} Therefore, before a ruling by any court on the waiver of a statutory right conferred by R.C. 2953.21, it is required as a preliminary issue that an expert be appointed to evaluate the defendant's capacity and secondly, that the court conduct an evidentiary hearing using the standard adopted in Smith and Berry, cited supra.
 {¶ 17} Following appellant's December 9, 1999 motion to waive any and all postconviction relief, the trial court did not conduct aBerry inquiry. Therefore, we vacate the trial court's decision and remand this case for an evaluation and hearing. We are cognizant of the trial court's opinion of appellant and the lack of any substantive postconviction relief however, no petition has ever been filed and under R.C. 2953.23, a viable petition may be possible.
 {¶ 18} Assignment of Error I is granted. *Page 6 
 II {¶ 19} Appellant claims the trial court erred in applying R.C. 2953.21
regarding its finding that appellant could not demonstrate that he was not guilty of the aggravating circumstance which was that he was an inmate in a penal institution at the time he killed his cellmate. We agree.
 {¶ 20} R.C. 2953.21 (A)(1)(a) states the following:
 {¶ 21} "Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, and for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief." *Page 7 
 {¶ 22} Because DNA testing was not involved in this case, R.C. 2953.21
does not apply sub judice.
 {¶ 23} Assignment of Error II is granted.
 {¶ 24} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby vacated and the matter is remanded.
By Farmer, J. Delaney, J. concur and Hoffman, P.J. dissents.
[1] The Supreme Court of Ohio heard appellant's direct appeal and upheld the death sentence. See, State v. Cassano, 96 Ohio St.3d 94,2002-Ohio-3751. *Page 8