{¶ 25} I respectfully dissent from the majority opinion.
 {¶ 26} Unlike Rees v. Peyton (1966), 384 US 312, and State v.Berry (1997), 80 Ohio St.3d 371, Appellant herein offers no affirmative assertion[2], let alone any evidence, he was incompetent to waive his right to seek relief under R.C. 2953.21.
 {¶ 27} In Rees, the defendant had been examined by a psychiatrist who concluded he was incompetent. As noted by the Ohio Supreme Court inBerry, in Rees there already existed a strong possibilityRees's decision was substantially affected by his mental condition. Id, at 374.
 {¶ 28} In Berry, it was alleged the defendant suffered from a mental disorder in support of his counsel's claim Berry was not mentally competent to make the decision to further challenge his execution.
 {¶ 29} While Appellant claims he was under mental stress at the time he waived his right to seek post conviction relief (not at all unexpected for someone having been sentenced to death or anyone imprisoned for that matter), as noted by the trial court in its March 26, 2007 Judgment Entry, Appellant's competence was established at trial and neither he nor anyone has yet made any claim of incompetency. A mere change of mind is insufficient to invalidate the previous waiver. I find the unsubstantiated mere suggestion or possibility of incompetency insufficient to warrant a hearing at this juncture. However, should such claim be made in the future and supported by evidence *Page 9 
beyond Appellant's own self-serving conclusory assertions, I would agree with the majority a hearing pursuant to Rees/Berry would be required.[3] *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is vacated, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.
[2] Appellant's brief offers a suggestion of possible incompetency based upon Appellant's stay in the Psychiatric Hospital Unit at the Oakwood Correctional Facility.
[3] I would overrule Appellant's second assignment of error as being premature. *Page 1