AP-77,034
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/16/2015 9:40:11 AM
Accepted 4/16/2015 9:41:50 AM
ABEL ACOSTA
CLERK

NO. AP-77,034

IN THE COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

_____

BRANDON DANIEL,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

_____

**THE STATE'S MOTION TO ABATE APPEAL**

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL
APPEALS:

The State of Texas, by and through the District Attorney for Travis
County, respectfully moves this Court for its order abating the instant appeal
and remanding this cause to the trial court for a hearing on appellant's desire
to dismiss his counsel, proceed *pro se*, and waive all appeals

In support of the instant motion, the State asserts as follows:

**1. Procedural Background and Relevant Facts**

The State charged appellant by indictment with the capital murder of
Austin Police Officer Jaime Padron committed on April 6, 2012. (CR 100,
118-119). A jury found appellant guilty of capital murder (CR 184), and
pursuant to the jury's answers to the special issues at punishment, the trial

court sentenced appellant to death on February 28, 2014. (CR 189-190; RR 26: 221). Appellant timely filed a motion for new trial, which was overruled by operation of law, and notice of appeal. (CR 196, 197). The trial court appointed attorney Ariel Payan to represent appellant on direct appeal pursuant to appellant's desire to be represented by counsel. (CR 205; RR 26: 219).

On the same day of sentencing, the trial judge found the appellant to be indigent and that the appellant desired to have counsel appointed for the purpose of a writ of habeas corpus pursuant to Art. 11.071, V.A.C.C.P.. (CR 192; RR 26: 220). The trial judge therefore entered an order appointing the Office of Capital Writs and Director Brad Levenson as counsel to investigate the case, file the appropriate writ, and fully represent appellant. (CR 192).

On January 16, 2015, Payan timely filed a brief on direct appeal on appellant's behalf. The State's brief on direct appeal is currently due on April 20, 2015, but the State anticipates requesting additional time in which to complete its responsive brief.

## 2. This Appeal Should Be Abated

On March 4, 2015, appellant filed a letter with the District Clerk's Office of Travis County. *See* Exhibit A, certified copy of appellant's letter, attached to this motion. In the letter directed to the judge of the convicting

court, appellant expresses his desire to dismiss his direct appeal attorney, Ariel Payan, dismiss the brief Payan filed on his behalf, proceed *pro se*, and waive all appeals. Appellant also indicates his desire to dismiss the Office of Capital Writs and Brad Levenson on habeas review, proceed *pro se*, and waive habeas review.[1]

Appellate review of a death sentence is automatic and cannot be waived. Art. 37.071(h), V.A.C.C.P. Thus, an appellant must either be represented by counsel on direct appeal or he must proceed *pro se*. The State submits that this Court should abate this appeal and remand this case to the trial court for a hearing to determine whether (1) the appellant understands that he cannot waive his right to direct appeal, (2) the appellant really desires to dismiss Payan and proceed *pro se*, (3) the appellant has been advised of the dangers and disadvantages of self-representation if he chooses to represent himself on direct appeal, *see e.g., Burgess v. State*, 816 S.W.2d 424 (Tex.Crim.App. 1991), and (4) the appellant is competent to make these decisions, *see Rees v. Peyton*, 384 U.S. 312 (1966).

On the other hand, the law does not require the filing of an application for writ of habeas corpus, and an applicant may waive his right to habeas

---

[1] Additionally, in a letter dated March 26, 2015, and addressed to Travis County District Attorney Rosemary Lehmberg, appellant expressed his desire to waive his appeals and sought the District Attorney's help "to expedite the situation."

review. *Ex parte Reynoso*, 257 S.W.3d 715 (Tex.Crim.App. 2008). Since the trial court appointed counsel to present appellant on habeas review and the appellant now expresses his desire to dismiss counsel and waive habeas review, the State submits that abatement and remand are necessary for the trial court to additionally determine whether the appellant wishes to file an application for writ of habeas corpus and, if he does not, whether he has made this decision knowingly and voluntarily. *See Reynoso*, AP-74,952, Order dated September 15, 2004. If the appellant does wish to pursue habeas review, the trial court should determine whether appellant wishes to dismiss his appointed counsel and proceed *pro se* and, if he does, whether he has made this decision knowingly and voluntarily.

**PRAYER**

Wherefore, the State requests that this Court abate the instant appeal and remand this cause to the trial court for a hearing on appellant's desire to proceed *pro se* and waive all appeals.

Respectfully submitted,

ROSEMARY LEHMBERG
District Attorney
Travis County, Texas

*/s/ Lisa Stewart*
Lisa Stewart
Assistant District Attorney
Director, Appellate Division
State Bar No. 06022700
P.O. Box 1748
Austin, Texas 78767
Phone No. (512) 854-3626
Fax. No. (512) 854-4810
Lisa.Stewart@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify, based on the computer program used to generate this document, that this document contains 758 words, excluding words contained in those parts of the document that Rule 9.4(i) exempts from inclusion in the word count.

*/s/ Lisa Stewart*
Lisa Stewart
Assistant District Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 15th day of April, 2015, a copy of the foregoing motion was sent, via U.S. mail, email, facsimile, or electronically through the electronic filing manager, to the following attorneys for the appellant:

Ariel Payan
1012 Rio Grande
Austin, Texas 78701
Fax: 512-472-4102
ArielPayan@hotmail.com

Brad Levenson
Office of Capital Writs
Stephen F. Austin Building
1700 N. Congress Avenue, Suite 460
Austin, Texas 78701
Fax: 512-463-8590
Brad.Levenson@OCW.Texas.gov

Lisa C. McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711-3046
Lisa.McMinn@spa.texas.gov

*/s/ Lisa Stewart*
Lisa Stewart
Assistant District Attorney

6

**EXHIBIT A**

February 25, 2015

Judge Brenda Kennedy
403rd District Court
P.O. Box 1748
Austin, TX 78767

Filed In The District Court
of Travis County, Texas
on 3.4-15
at 11:00a M.
Velva L. Price, District Clerk

Re: Brandon Daniel v. State of Texas; 12-201718

Dear Judge Kennedy:

I was sentenced to death in your court last February for the murder of an Austin police officer in 2012. After long and careful consideration of all of my options I have decided to respectfully request to waive any and all of my appeals immediately. The reasons for my decision include, but are not limited to: the fact that I want justice to be served and I feel that the punishment is appropriate for my crime; we are both interested in saving the taxpayer's money, the time of all involved and in sparing my family and the victim's family any more angst than necessary; and, finally, I would like to limit my time in prison to the least amount possible.

I understand that this means that I forfeit any possibility of receiving a sentence that is lesser in the eyes of the law. I am competent and will submit to any exams that the court requires. I am also completely informed of the situation and the effects of my decision due to my lawyer, Brad D. Levenson of the Office of Capital Writs (OCW), who has consistently tried to dissuade me. Although the entire OCW has been very helpful throughout the process, I would also like to dismiss the OCW and represent myself pro se for the remainder of the case in order to avoid any conflicts of interest.

My direct appellate counsel, Ariel Payan, filed an appeal against my wishes despite confirming that he received my letter

1

asking him not to file the appeal, stating that the direct appeal is mandatory although there are several cases on death row of a direct appeal being waived. I would also like to dismiss Ariel Payan and represent myself pro se in any and all litigation and I request that my waiver of my appeals supersede the direct appeal that was filed on my behalf.

Thank you for your consideration.

Sincerely,

Brandon Daniel
TDCJ #999589
Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 4-15-15

VELVA L. PRICE
DISTRICT CLERK, Texas
By Deputy:

2

Brandon Daniel
Polunsky Unit, #999589
3872 FM 350 South
Livingston, Texas 77351

LEGAL MAIL

NORTH HOUSTON TX 773

05 MAR 2015 PM 1 L

Judge Brenda Kennedy
403rd District Court
P.O. Box 1748
Austin, TX 78767

78767174848