

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-40,541-04

**EX PARTE MICHAEL DEAN GONZALES, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. D-23,730 FROM THE 358ᵀᴴ JUDICIAL DISTRICT COURT OF ECTOR COUNTY

**YEARY, J., filed a dissenting opinion in which ALCALA, J., joined.**

## DISSENTING OPINION

This Court treats this—Applicant's first—post-conviction application for writ of habeas corpus as a subsequent writ application and rejects it as abusive under Article 11.071, Section 5(a). TEX. CODE CRIM. PROC. art. 11.071, § 5(a). It does so because Applicant, proceeding *pro se*, "waived" his right to habeas review by failing to file a timely initial writ application. *See Ex parte Reynoso*, 257 S.W.3d 715, 720 n.2 (Tex. Crim. App. 2008) ("Although Article 11.071 does not expressly provide that an applicant can waive his right to pursue habeas relief, neither does the statute provide for automatic habeas review. [citation omitted.] Thus, we [have] implicitly held that an applicant may 'waive' his right to habeas

review. However, because an applicant can waffle in his decision until the day the application is due, a 'waiver' is not truly effective until after that day has passed."). The Court accepts the convicting court's finding that Applicant intelligently and voluntarily waived his right to state post-conviction habeas proceedings.

Applicant argues that we should treat the present writ application as an original—not a subsequent—post-conviction application because, even though he was incompetent to waive his right to pursue state post-conviction proceedings, neither the convicting court nor this Court made any inquiry into his competency at any time before the period elapsed for filing an initial application.[1] The Court does not address that contention in its order today. I would file and set the cause to do so. Because the Court does not, I respectfully dissent.

## BACKGROUND

Applicant was originally convicted of capital murder in 1995. His death sentence was overturned during the course of federal habeas corpus proceedings in 2002. *Gonzales v. Quarterman*, 458 F.3d 384, 389 (5th Cir. 2006).[2] A second Texas jury once again assessed the death penalty in 2009. During the retrial on punishment, Applicant refused to cooperate

---

[1] By contrast, in Juan Reynoso's case, "Applicant was evaluated by doctors, who found that he was competent to choose to forego his habeas proceeding." *Ex parte Reynoso*, 228 S.W.3d 163, 164 (Tex. Crim. App. 2007).

[2] "Gonzales filed a supplemental [federal habeas corpus] petition in August, 2000, asserting that the State's psychological expert witness testified, unconstitutionally, that race is an indicator of future dangerousness. The State conceded that this claim is valid and entitled Gonzales to a new sentencing hearing. The district court so ordered, and neither party has appealed its ruling on this point."

with his trial counsel, cursing and yelling and making obscene gestures in the courtroom. He insisted on testifying, inviting the jury to "fucking kill me. Makes no fucking difference. Pass the witness." The day after being sentenced to death in open court, Applicant insisted that he wanted to waive his appeals and be executed posthaste. When the trial court explained that he also had a right to pursue post-conviction remedies and to the appointment of counsel for that purpose, he replied, "I don't want no appeals filed on my behalf," and "I don't want no attorney, period." In reply to inquiries from this Court why the convicting court had appointed no attorney to represent Applicant in post-conviction habeas corpus proceedings under Article 11.071, Sections 2(a) and (b), the convicting court informed us that Applicant "refused to accept a writ of habeas corpus attorney" and that his "election not to accept an appointed attorney and proceed pro se was intelligent and voluntary." *See* TEX. CODE CRIM. PROC. art. 11.071, § 2(a) ("An applicant shall be represented by competent counsel unless the applicant has elected to proceed pro se and the convicting trial court finds, after a hearing on the record, that the applicant's election is intelligent and voluntary.").[3] When the time expired for Applicant to file an initial writ application with no application being filed, this Court issued an order stating, "Because of applicant's expressed desire to waive habeas, the

---

[3] At a hearing on the record the day after the jury re-assessed the death penalty, on May 8, 2009, Applicant did indeed tell the convicting court (twice), when asked whether he desired appointed counsel for post-conviction habeas corpus proceedings, that "I don't want no attorney, period." There is no express colloquy on the record of the hearing, however, by which the convicting court attempted to determine whether Applicant's choice to forego counsel was intelligent and voluntary, and the convicting court made no finding on the record at the conclusion of the hearing that it was intelligent and voluntary, notwithstanding Article 11.071, Section 2(a)'s requirement.

lack of any vacillation of that waiver appearing in the record, and applicant's failure to timely file an application, we hold that applicant has waived his right to the review of an initial Article 11.071 habeas application." *Ex parte Gonzales*, No. WR-40,541-03 (Tex. Crim. App. del. Nov. 10, 2010) (not designated for publication) (slip op. at 2).[4] We went on to declare that "[a]ny writ application filed hereafter by applicant or on applicant's behalf will be labeled a subsequent application and reviewed under Article 11.071 § 5." *Id*. We made no mention of competency.

### COMPETENCY TO WAIVE POST-CONVICTION PROCEEDINGS

In this proceeding, Applicant raises four claims, including that he was incompetent to stand trial at the punishment retrial and that his trial attorneys rendered ineffective assistance of counsel for failing to raise an issue of his competency to stand trial at the punishment retrial. Applicant does not presently try to satisfy the criteria of Article 11.071, Section 5. Instead, he argues that we should treat this application as an initial writ application because he was also incompetent to have waived his initial writ application. He argues that due process will not countenance such a waiver. I believe that the Court should address that question.

---

[4] Along the way, we observed, "Applicant emphatically stated that he wanted no appeals filed on his behalf and no attorneys appointed. For purpose of Article 11.071, the court found that applicant was proceeding *pro se* on habeas. *See Ex parte Reynoso*, 257 S.W.3d 715, 720 and n.2 (Tex. Crim. App. 2008)." *Ex parte Gonzales*, *supra* (slip op. at 2). But *Reynoso* is distinguishable because in that case the applicant was expressly found to be competent to execute the waiver. *See* note 1, *ante*. Applicant, in contrast, has not been found competent to waive habeas proceedings and no inquiry has been made to determine whether he might have been incompetent.

A little over a month ago, the Fifth Circuit reiterated that, at least for purposes of the waiver of *federal* habeas corpus proceedings stemming from a capital murder conviction and death sentence in state court, a petitioner must be competent to make the waiver. *Lopez v. Stephens*, 783 F.3d 524 (5th Cir. 2015). In 2000, the Fifth Circuit explained, "[A] habeas court must conduct an inquiry into the defendant's mental capacity, either *sua sponte* or in response to a motion by petitioner's counsel, if the evidence raises a bona fide doubt as to his competency." *Mata v. Johnson*, 210 F.3d 324, 330 (5th Cir. 2000). The Fifth Circuit further explained:

> the procedures employed must satisfy basic due process concerns. In sum, if the evidence before the district court raises a bona fide issue of petitioner's competency to waive collateral review of a capital conviction and death sentence, the court can afford such petitioner adequate due process by ordering and reviewing a current examination by a qualified medical or mental health expert, allowing the parties to present any other evidence relevant to the question of competency and, on the record and in open court, questioning the petitioner concerning the knowing and voluntary nature of his decision to waive further proceedings.

*Id*. at 331. The issue is whether a petitioner who would waive his collateral attack has the "capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Id*. at 327 (quoting *Rees v. Peyton*, 384 U.S. 312, 314 (1966)).

In my opinion, Applicant's present writ application alleges substantial facts to establish a bona fide doubt with respect to his competency to waive state habeas proceedings.

If nothing else, the combination of his mental health history (which includes diagnoses as a juvenile with such potentially thought-distorting afflictions as Schizoaffective Disorder and Bipolar Disorder, and treatment with anti-psychotic medications) and his intransigent behavior during the course of the punishment retrial was sufficient to trigger an inquiry into his capacity to understand what he was relinquishing by foregoing post-conviction habeas proceedings. Neither the convicting court nor this Court has made any attempt to determine whether Applicant possessed the requisite capacity to make a rational, non-delusional choice whether to continue post-conviction litigation proceedings.[5] I believe we should address whether we were mistaken to overlook the competency issue before accepting Applicant's waiver.

## FEDERALISM

Applicant has already raised his current claims in his initial federal habeas proceedings, but the federal district court has stayed those proceedings and held the cause in abeyance in order to allow this Court to say whether we will pass on those claims, thus exhausting them. If we now decline to review the merits of the claims, when Applicant

---

[5] I do not mean to suggest that the trial court should have been aware of any duty to do so at the time. The trial court did inform the applicant that he was "entitled to an attorney to file a Writ of Habeas Corpus in addition to the attorney for the appeal" and explained that he had the right to "proceed pro se" or to have appointed counsel "[o]n the habeas corpus." I simply point out that the convicting court made no express attempt to ascertain on the record whether Applicant's decision to entirely waive his post-conviction habeas corpus *proceedings* was intelligent and voluntary, notwithstanding the convicting court's recommendation—in response to an inquiry from this Court—that we find that Applicant's waiver of *counsel* was knowing and voluntary.

returns to federal court, he will no doubt argue either that: 1) he has now exhausted those claims; or 2) that there is good reason for the federal courts to excuse his failure to have exhausted them in a timely initial writ application under Article 11.071.[6] His excuse for not exhausting will be that we allowed him to waive that initial writ proceeding without first assuring ourselves that he was competent to waive it, as due process apparently requires. *See Mata*, 210 F.3d at 331 (specifying minimal procedures for competency-to-waive-habeas-proceedings that would satisfy due process). With respect to procedural default, he will also no doubt argue—for the same reason (an incompetent waiver)—that there is good "cause" for the federal court to excuse his apparent forfeiture. *Cf. Martinez v. Ryan*, 132 S.Ct. 1309 (2012) (ineffective assistance of initial state habeas counsel may be invoked as "cause" to excuse the forfeiture of a claim of ineffective assistance of trial counsel for purposes of an initial federal habeas review of a capital conviction and death sentence in state court).

I cannot predict whether Applicant will prevail in such an endeavor. But if he does, the federal district court will not only review his claims, it will likely review them *de novo*, rather than deferentially as it would be constrained to do if we were to pass on the merits of his claims in the first instance. *See* 28 U.S.C. § 2254(d) (requiring that any federal habeas review of state court decisions with respect to claims that are "adjudicated on the merits" be highly deferential). By filing and setting Applicant's present writ application, we could: 1)

---

[6] *See* 28 U.S.C. § 2254(b)(1) (requiring the exhaustion of state remedies before federal habeas relief may be granted unless "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant").

explain that, in this case, there was no bona fide doubt about whether Applicant was incompetent to waive his state collateral proceedings (raising the possibility that the federal court would treat our conclusion in that regard with some deference); 2) explain why any incompetency on Applicant's part does not invalidate the efficacy of his waiver of state collateral proceedings (thus justifying our holding that he has procedurally defaulted his present state habeas claims); or else 3) explain that Applicant's purported waiver was invalid (in which case we could reach the merits of his present claims and dispose of them, thus ensuring deferential federal review later on). In my opinion, any of these options is preferable to the Court's approach, which is to avoid the issue entirely.

## CONCLUSION

Arguably, a capital habeas applicant who is allowed to make an incompetent decision to waive his state post-conviction habeas proceedings has not received the one full and fair opportunity to pursue post-conviction relief that Article 11.071 contemplates. *Cf. Ex parte Medina*, 361 S.W.3d 633, 642 (Tex. Crim. App. 2011) (capital habeas applicant was deprived of his "one full and fair opportunity" at post-conviction relief—it was "[n]ot full because he is entitled to one bite at the apple, i.e., one application, and . . . [n]ot fair because applicant's opportunity, through no fault of his own, was intentionally subverted by his habeas counsel"). Has the Court determined that there is no requirement under state law that a capital habeas applicant be competent to waive his statutory right to post-conviction collateral attack of his conviction and death sentence? If so, it should say so. Because the Court sidesteps this

important issue, I dissent.


FILED:        June 3, 2015
PUBLISH