**Janet KIRKPATRICK, Next Friend for Paul Dennis Reid, Petitioner–Appellant,**

v.

**Ricky BELL, Warden, Respondent–Appellee.**

No. 03–5526.

United States Court of Appeals, Sixth Circuit.

May 5, 2003.

Before SILER, BATCHELDER and CLAY, Circuit Judges.

SILER, Circuit Judge.

This matter came before this court on the eve of execution of Paul Dennis Reid, who has been sentenced to death for murder in the State of Tennessee. The execution date was set for April 29, 2003, and this petition was filed in our court on April 28, 2003. For reasons stated herein, this court will grant a stay of the execution in order for the district court to conduct a full evidentiary hearing on the issue of Reid's competency to waive further appeals.

Reid has filed papers in court and has testified before the district court that he wishes to waive any further proceedings to contest his conviction. His sister, Janet Kirkpatrick, has requested to intervene as

496

his next friend, in order to pursue his further appeals.

The Supreme Court of Tennessee declined to stay Reid's execution last week. *See State v. Reid,* No. M1999–00803–SC–DOT–DD (April 22, 2003). The Tennessee Supreme Court noted that Reid had previously been found competent to stand trial, after lengthy hearings, in two other capital cases, as recently as May 2000. The court concluded that there were no new factual assertions that called into doubt Reid's present capacity to make a rational choice to waive further appeals.

Subsequent to that decision, Reid was evaluated by Dr. Keith Caruso, a psychiatrist: Dr. Xavier Amador, a clinical psychologist; and Dr. James Kyne, a clinical psychologist, each finding that he is incompetent to waive his rights to appeal. At the hearing before the district court. Dr. Amador and several lay persons testified. The State was given the opportunity to evaluate Reid on short notice, but declined to present any expert testimony.

The criteria for the court at the preliminary hearing is to determine whether there is any evidence that would raise a reasonable doubt about Reid's competence and entitle him to a full evidentiary hearing on the issue. *Harper v. Parker,* 177 F.3d 567, 571 (6th Cir.1999). Admittedly, the district court had only a brief time to conduct such a hearing, and did the best it could under the circumstances. However, all of the expert evidence it heard pointed toward the incompetence of Reid. Nevertheless, based upon the conduct and testimony by Reid in the courtroom and upon "the entire record," the court decided that Reid was competent to waive his right to further appeals. The question of "reasonable cause" is reviewed for abuse of discretion. *Id.* Under the evidence presented in this case, the district court abused its discretion in finding no reasonable cause for a full evidentiary hearing on the question of competency. The burden was upon the petitioner, Kirkpatrick, to demonstrate reasonable cause and she presented unrebutted evidence of experts on the lack of competency by Reid to effect a waiver of further proceedings.

Therefore, we grant the stay of execution until such time as the district court has had an opportunity to conduct a full evidentiary hearing, allowing the State to evaluate Reid and to present evidence concerning his competency. In the event the court finds Reid to be incompetent, then it should allow Janet Kirkpatrick or some other suitable person to proceed as his next friend. If he is found competent to waive his further appeals, then the next friend should not be appointed.

**REMANDED.**