RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0234p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

LINDA MARTINIANO, Next Friend for Paul Dennis
Reid,

*Petitioner-Appellee,*

*v.*

RICKY BELL, Warden,

*Respondent-Appellant.*

No. 06-5860

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 06-00632—Todd J. Campbell, District Judge.

Decided and Filed: July 7, 2006

Before: SILER, BATCHELDER, and CLAY, Circuit Judges.

SILER, J., delivered the opinion of the court, in which BATCHELDER, J., joined. CLAY,
J. (pp. 3-4), delivered a separate opinion concurring in part and dissenting in part.

_____

## OPINION

_____

SILER, Circuit Judge. This is a parallel case to *Kirkpatrick v. Bell*, No. 03-5526, 64 F.
App'x 495 (6th Cir. May 5, 2003). Both cases involve Paul Dennis Reid, and both cases involve
a relative to Reid petitioning the court on the eve of execution in a murder case. The only difference
is that the petitioners in each case are different persons and the convictions in each case involve
separate homicides. The convictions in the *Kirkpatrick* case involved homicides in Davidson
County, and the convictions in this case involved homicides in Montgomery County, all in
Tennessee. We find that the district court did not abuse its discretion in granting a stay of execution
and decline to grant the State's motion to vacate the stay for the reasons stated herein.

Although it is correct that the decision in *Kirkpatrick* was dismissed as moot on June 30,
2003, upon agreement of the parties, because Reid signed a state post-conviction petition within
hours after our decision in the *Kirkpatrick* case, nevertheless the reasoning in our opinion in
*Kirkpatrick* still holds.

At the hearing before the district court in this case, the petitioner presented testimony of an
expert, Dr. George W. Woods, Jr., and presented the affidavits of other mental health experts,
indicating that Reid is incompetent. The State asked for an opportunity to evaluate Reid and could
not complete the evaluation prior to the scheduled execution. The State raised the question that the
petitioner is not entitled to a stay because she was intentionally dilatory by filing her case on the
eve of execution. On the other hand, the petitioner suggests that the State knew after the *Kirkpatrick*

decision that the question of Reid's competency would be an issue eventually, and the State should have taken measures to evaluate Reid at some time between 2003 and the execution date.

The district court found that there was sufficient evidence to raise a reasonable doubt about Reid's competence under *Kirkpatrick* and that the parties are entitled to a full evidentiary hearing on the question of his competence. We instruct the district court that, before proceeding further, it should determine whether there is a state post-conviction case currently ongoing that would suggest that Reid has not exhausted his state remedies before filing the petition in the case. *See* 28 U.S.C. § 2254(b)(1).[1] In the event the district court determines that the petitioner has met the requirements of § 2254(b)(1), the court should set a full evidentiary hearing on the competency of Reid, which is relevant to whether Martiniano may proceed on behalf of Reid in this case. *See Rees v. Peyton*, 384 U.S. 312, 314 (1966). It also may have a bearing on whether Reid is competent to be executed under the criteria of *Ford v. Wainwright*, 477 U.S. 399 (1986), which was cited in the petition for a writ of habeas corpus filed in this case. If the district court finds Reid to be incompetent, then it should allow Linda Martiniano or some other suitable person to proceed as his next friend in appropriate post-conviction proceedings. If he is found competent to waive his further appeals or to proceed on his own behalf, then the next friend proceedings should be terminated.

The motion to vacate the stay of execution is DENIED, and this matter is REMANDED to the district court for further proceedings consistent with this opinion.

---

[1]The concurrence/dissent correctly notes that this provision indicates that a writ should not be granted unless the applicant has exhausted his remedies available in the state courts or "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." We know that "there is a strong presumption in favor of requiring the prisoner to pursue his available state remedies," *Granberry v. Greer*, 481 U.S. 129, 131 (1987), but if there are unusual and exceptional circumstances the courts may proceed without total exhaustion. *Id*. at 134. Thus, we do not mean to imply that if the district court here finds unusual or exceptional circumstances, such as those recited in § 2254(b)(1), it could not proceed to decide the competency of Reid.

---

### CONCURRING IN PART, DISSENTING IN PART

---

CLAY, Circuit Judge, concurring in part and dissenting in part. I agree with the majority that the district court did not abuse its discretion in granting a stay of execution to enable the district court to adjudicate the competency of Petitioner's brother, Paul Dennis Reid. In fact, the district court's decision comports with this panel's instructions of three years ago concerning the proper course of action to be taken when Reid's competency to be executed is reasonably in doubt. *See Kirkpatrick v. Bell*, No. 03-5526, 64 Fed. App'x 495 (6th Cir. May 6, 2003) (instructing the district court to stay the execution and hold a full evidentiary hearing on the defendant's competency if it is adduced that reasonable doubt as to competency exists).

Therefore, if this case is "parallel" to the *Kirkpatrick* case (as the majority asserts), I fail to understand why the majority feels compelled to raise the issue of exhaustion *sua sponte,* when the issue was neither raised below nor to this Court, and to instruct the district court to address exhaustion as a threshold matter before holding any evidentiary hearing concerning Reid's competency. In fact, the majority's instructions to the district court on this matter risk sending this litigation back into the very tailspin in which it seems to have stayed for the past three years. As of the present time, the state of Tennessee has been unable or unwilling to proceed with an adjudication of Reid's competency in a full evidentiary hearing; in proceedings before the district court on June 27, 2006, the state of Tennessee averred that it was unprepared to go forward with a competency hearing, despite the fact that Reid's competency has been an issue in litigation between these parties in some form or another for the past three years.

Exhaustion is, unquestionably, an important issue, but it would seem that the majority is needlessly diverting the court's attention away from the critical and as of yet unresolved issue of the last three years. The threshold issue currently before the courts is Reid's competency. Without a full evidentiary hearing on competency immediately upon remand, the district court is left without direction as to the appropriate party to represent Reid's interests in any further proceedings. The district court has not yet found Reid to be incompetent; therefore, Petitioner does not yet have the authority to proceed as Reid's next friend on *any* matter in federal court. At the same time, Reid is alleged to be incapable of making rational decisions on his own behalf. Without an initial decision on the competency issue, the district court will be left in doubt as to the appropriate party to litigate the issue of exhaustion, or any other issue, on Reid's behalf.

It is important to note that the exhaustion requirement of 28 U.S.C. § 2254 contains several exceptions. The statute precludes the granting of a writ unless it appears that the applicant has "exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process *or circumstances exist that render such process ineffective* to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1) (emphasis added). An execution scheduled before a prisoner has an opportunity to timely litigate his claims as permitted by federal law, and Tennessee's refusal to agree to a stay of execution pending the resolution of Petitioner's next friend status, certainly presents a case where the circumstances are such that state mechanisms are ineffective in protecting Reid's rights. By its very terms, then, 28 U.S.C. § 2254 allows the district court to address Reid's competency even if the competency claim is "unexhausted" in the state court system.

It is undisputed that the state cannot execute Reid if he is incompetent. *See Ford v. Wainwright*, 477 U.S. 399 (1986). As the ruling below indicates, sufficient evidence of Reid's incompetency was presented at the hearing conducted by the district court on June 27, 2006, in connection with the motion to stay the execution, to merit a full evidentiary hearing on the matter.

Having rebuffed attempts by both Reid's counsel and his sister to establish Reid's incompetency in state court, the state of Tennessee has indicated that it desires to carry out the death sentence before the federal courts can exercise their timely review of the state's decision. If Reid were a competent defendant pursuing his own federal habeas relief, a stay of execution during the pendency of his federal habeas petition would have been automatic. In the absence of any recognized next friend acting on Reid's behalf, however, the state has opposed any stay of execution while Petitioner seeks habeas relief on the issue of Reid's competency, the same issue Petitioner presented to the state courts on Reid's behalf. The district court therefore properly stayed Reid's execution pending a determination of Reid's competency, a determination which should be made immediately upon remand because it is the threshold issue in this litigation. Exhaustion issues, along with any other pending issues, can be addressed once the district court has determined the proper party to represent Reid's interests before the court; to do this, Reid's competency must first be adjudicated.

In essence, the majority has decided that a condemned man who may be incompetent to be executed should be forced to litigate the complicated issue of exhaustion without a determination having been made as to whether he is able to understand the nature of the proceedings, to consult with counsel, and to otherwise participate in the proceedings. I therefore concur in upholding the district court's grant of the stay of execution, but I dissent from the majority's instruction to the district court that the district court cannot proceed further on the incompetency issue without first delving into what may be protracted exhaustion litigation.