**Juan REYNOSO, Appellant.**

**No. AP–74952.**

Court of Criminal Appeals of Texas.

May 4, 2005.

R.E. Wheelan, Houston, for Appellant.

Lynn Hardaway, Assist. DA, Houston, Matthew Paul, State's Attorney, Austin, for State.

## ORDER

PER CURIAM.

This is a request for approval of the appointment of counsel, pursuant to Article 11.071, section 2(d), to represent applicant in filing an application for writ of habeas corpus.

On May 19, 2004, the trial court timely appointed Stephen R. Rosen to represent applicant on his application for writ of habeas corpus under Article 11.071. The appointment was withdrawn after applicant advised the trial court that applicant wished to waive his right to seek relief by writ of habeas corpus. For the purposes of Article 11.071, applicant was considered to have chosen to proceed *pro se,* at least until the filing deadlines had passed. *See* Article 11.071, § 4(e). If applicant desired to file an application, he retained that right until the 45th day after the State filed its response on direct appeal. Before the 45th day, applicant asked the trial court to appoint counsel to assist him in preparing an application for writ of habeas corpus. The trial court reappointed Rosen as counsel, and he timely filed a 90 day extension of time to file the application. Clearly the reappointment was beyond the 30 days the statute allows the trial court to appoint counsel. Art. 11.071, § 2(c).

Article 11.071 normally allows only 30 days after the finding of indigency to appoint counsel under Section 2(a-c). An appointment made 10 months later and after the State's response brief has been filed on direct appeal is an untimely appointment not allowed by the statute. However under these circumstances, where the original habeas counsel is reappointed within the time allowed to file an application, we will treat this order as both a rescission of the order withdrawing the appointment of counsel and a reappointment of counsel.

Because applicant had not exhausted his time to file a writ of habeas corpus when he asked the trial court to again appoint counsel, despite having waived his right to have the assistance of counsel and to file a habeas application under Article 11.071, we affirm the actions of the trial court in reinstating Stephen R. Rosen as counsel. We also find that the trial court properly interpreted Article 11.071, section 4(a), that despite the date on which counsel was reinstated, applicant had until the 45th day after the State filed its response brief to file or seek an extension of time to file the application. *Compare* Art. 11.071, § 4(a) and § 4(e).

The order appointing Steven R. Rosen counsel pursuant to Texas Code of Criminal Procedure, Article 11.071, in the above numbered and styled case has been received and approved by this Court.