IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,260-01






EX PARTE JUAN JOSE REYNOSO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 941651-A FROM THE 


263RD DISTRICT COURT OF HARRIS COUNTY





 Per curiam. Price, Womack, Johnson and Holcomb, JJ. dissent. 


 On remand from this Court, the trial court made the following detailed findings of fact: Applicant
was convicted of capital murder and sentenced to death on May 12, 2004. A week later, the trial court
appointed Steven Rosen as writ counsel. On May 25 and July 15, applicant asked that his appeals be
withdrawn and an execution date set. On August 30, the trial court convened a hearing, at which applicant
again confirmed that he did not want to appeal and asked the court to set an execution date. Applicant was
evaluated by doctors, who found that he was competent to choose to forego his habeas proceeding. In
a letter to the Harris District Clerk's Office, dated September 1, 2004, applicant again stated that he did
not want to appeal his conviction and requested that the trial court schedule his execution.

 The trial court held another hearing on November 8, 2004, at which applicant again stated that he
wanted to waive his right to habeas proceedings. The trial court then withdrew Rosen's appointment as
habeas counsel. 

 Counsel on direct appeal filed a brief. Ten days later, on November 28, 2004, applicant wrote
a letter to the trial court again requesting that the court set his execution date.

 On March 2, 2005, applicant changed his mind, and wrote a letter to the trial court, saying that he
wished to pursue his appeals. Steven Rosen requested and received from the trial court a ninety-day
extension, even though his appointment had been withdrawn. Then on April 4, 2005, the trial court
convened a hearing at which applicant confirmed that he wanted to pursue his Article 11.071 habeas
proceeding. At that hearing, the court re-appointed Steven Rosen.

 On May 1, 2005, applicant wrote to the trial court as follows, saying that he had changed his mind:

 again, once and for all, and I DO NOT want Rocket [Steven] Rosen to represent me. I
wish to waive my appeals. I would like an execution date immediately.


 Rosen contacted attorney Sidney Crowley to assist him in preparing the habeas petition. Crowley
visited applicant on May 19, 2005, whereupon applicant told him that he did not want a writ application
filed on his behalf. Upon further questioning by Crowley, applicant confirmed that he did not want an
11.071 writ application to be filed.

 In a June 22, 2005, letter to the trial court, applicant requested that the trial court disregard his last
request to drop his appeals, asked the court to fire Rosen, and stated that he wished to continue his appeal. 
On July 11, 2005, Rosen filed an application for a writ of habeas corpus on applicant's behalf. 

 By our calculations, the application was untimely. The application was originally due on April 9,
2005, which was forty-five days after the State filed its direct appeal brief. (1) Because April 9th was a
Saturday, the application could have been timely filed on April 11, 2005, the following Monday. (2) The
application was not filed by that date. The trial court did, however, give applicant a ninety-day extension. (3) 
But that extension ran from April 9th, the date the original time period was set to expire. (4) So, after the
extension, the application was due on July 8, 2005. Because July 8th was a Friday, and was not a legal
holiday, no provision extended the filing time any further. The filing on July 11th was three days late.

 When an initial capital habeas application has not been timely filed, this Court has three options:

(1) find that good cause has not been shown and dismiss the application;


(2) permit the counsel to continue representation of the applicant and establish a new filing
date for the application, which may be not more than 180 days from the date the court
permits the counsel to continue representation; or


(3) appoint new counsel to represent the applicant and establish a new filing date for the
application, which may be not more than 270 days after the date the court appoints new
counsel. (5)


The careful trial court recommends the third option: that Rosen's application be withdrawn, new counsel
be appointed, and a 180-day extension be granted, with a possible additional 90-day extension to be
available if necessary. The problem with this recommendation is that the delay in filing is applicant's fault.

 Less than a week after Rosen was appointed, applicant asked to waive his appeals and have an
execution date set. Until March 2, 2005, applicant consistently maintained that position, with six separate
requests to waive post-conviction proceedings. During that period of over nine months, habeas counsel
had every reason to believe that applicant did not want a habeas application filed, and any attorney would
be reasonable in declining to work on a habeas application under the circumstances. Indeed, habeas
counsel had withdrawn nearly four months before appellant's first about-face. And even after applicant's
letter to the trial judge, it would have taken some time to notify defense counsel that habeas proceedings
were back on track, and for defense counsel to be reappointed. 

 Absent the 90-day extension, counsel would have had, upon reappointment, a mere week to file
an application. The 90-day extension gave counsel some breathing room, but less than a month after
counsel was re-appointed, applicant again insisted "once and for all" that he did not want to pursue a post-conviction remedy, and about three weeks after that he reiterated that position to one of Rosen's
colleagues, face to face, in a personal visit. When applicant reversed his position for the second time, on
June 22nd, Rosen was left with a mere 16 days to file an application.

 The provision for appointment of new counsel is designed to safeguard the statutory right to a
habeas remedy from the actions of derelict counsel. That provision should not be used to afford a remedy
when the applicant himself is responsible for the lateness of the application. Otherwise, applicants would
acquire a new tool for "gaming the system" in order to delay execution. That is why the Legislature gave
this Court the ability to "find that good cause has not been shown and dismiss the application." 

 We find that the delay in filing applicant's application for writ of habeas corpus is attributable to
applicant's own continued insistence on foregoing any such remedy. For this reason, we find that good
cause has not been shown under Article 11.071 §4A. We dismiss the application.

Filed: June 27, 2007

Publish

 

 

 
1. Tex. Code Crim. Proc., Art. 11.071, §4(a).
2. Tex. R. App. P. 4.1(a).
3. Art. 11.071, §4(b).
4. Id. ("90 day extension that begins on the filing date applicable to the defendant under
Subsection (a)")(emphasis added).
5. Art. 11.071, §4A(b).