IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,963




EX PARTE JUAN JOSE REYNOSO







ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE
NO. 941651-A IN THE 263rd JUDICIAL DISTRICT COURT
HARRIS COUNTY




           Per Curiam. Price, J., filed a concurring opinion.

O P I N I O N

           This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071. In an order delivered on
June 27, 2007, dismissing the application as untimely, we set out a detailed account of
applicant’s repeated attempts to waive his appeals that were interspersed with an occasional
desire to pursue those same appeals. Ex parte Reynoso, 228 S.W.3d 163 (Tex. Crim. App.
2007). Given the timing and applicant’s repeated claims that he did not want to pursue his
appeals, we held that, although his application was filed during an interval in which he chose
to pursue his appeals, applicant could not show good cause for the untimely filing. Id. 
Therefore, we dismissed his application in its entirety and declined to appoint him new
counsel under Article 11.071 § 4A. Id. Applicant subsequently filed a suggestion that we
reconsider the case on our own initiative as allowed under Texas Rule of Appellate
Procedure 79.2(d). Applicant asserted that the Court had not considered the application of
Texas Rule of Appellate Procedure 4.1(a) in calculating the date on which applicant’s habeas
application had been due. We granted rehearing on our own initiative and asked for briefs
on the issue. Throughout the scholarly debate that followed, the Court discovered that the
issue was much more detailed and complicated than simply asking whether the calculation
rule should be applied. We now file and set and issue the following opinion, concluding that
there was good cause for applicant’s tardy filing, but denying relief on his writ. 
A.       History of the Case
           On May 12, 2004, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
article 37.071, and the trial court, accordingly, set punishment at death. The trial court timely
appointed both direct appeal counsel and habeas counsel. Applicant refused to sign the oaths
of indigency and orders appointing counsel. Immediately thereafter, and consistently for the
next several months, applicant repeatedly stated that he wanted to waive all of his appeals
and have the trial court set an execution date. 
           In an effort to make sure that applicant was properly warned of the dangers of this
path, and to supplement the record with evidence that applicant was making his choice
knowingly and voluntarily, this Court abated the direct appeal and directed the trial court to
address the issues on the record and to answer certain questions. Reynoso v. State, No. AP-74,952 (Tex. Crim. App. Sept. 15, 2004) (not designated for publication). We specifically
instructed the trial court in this order that, if applicant knowingly and voluntarily waived his
right to file a habeas application, the trial court should rescind its order appointing counsel
on habeas.
           On November 8, 2004, the trial court held a hearing to comply with this Court’s order. 
During that hearing, applicant again stated that he wanted to waive his right to habeas
proceedings. Consequently, the trial court withdrew its order appointing Steven “Rocket”
Rosen as habeas counsel. Meanwhile, as required by statute, applicant’s direct appeal
continued, and the following events transpired:
•         November 18, 2004 – Counsel on direct appeal filed a brief. (When informed that the
direct appeal could not be waived, applicant chose to allow counsel to proceed.)
 
•         November 28, 2004 – Applicant wrote a letter to the trial court requesting that it set
an execution date. (This was not his first such letter.)
 
•         February 8, 2005 – Applicant sent another letter requesting an execution date.
 
•         February 23, 2005 – The State filed its brief on direct appeal.
 
•         March 2, 2005 – Applicant wrote a letter to the trial court stating that he had changed
his mind and wanted to pursue his appeals. Consequently, even though his
appointment had been withdrawn, Rosen requested a 90-day extension for filing
applicant’s habeas application. The trial court granted this timely made extension
motion on March 29, 2005.
 
•         April 4, 2005 – The trial court convened a hearing at which applicant confirmed that
he wanted to pursue his Article 11.071 habeas action. Thus, the trial court re-appointed Rosen to represent him.
 
•         April 9, 2005 (Saturday) – Original due date for Article 11.071 application for writ
of habeas corpus had no extension been filed.
 
•         May 1, 2005 – Applicant wrote a letter to the trial court in which he again changed
his mind and stated, “again, once and for all, . . . I DO NOT want Rocket [Steven]
Rosen to represent me. I wish to waive my appeals. I would like an execution date
immediately.”
 
•         May 4, 2005 – In a published order responding to the trial court’s notice of re-
appointment, we held that, when counsel’s initial timely appointment was withdrawn
pursuant to applicant’s decision to waive his right to seek relief by writ of habeas
corpus, applicant was considered to have chosen to proceed pro se for the purposes
of Article 11.071, at least until the filing deadlines had passed. In re Reynoso, 161
S.W.3d 516 (Tex. Crim. App. 2005). Because applicant thereafter changed his mind
about waiving his right to habeas and asked the court to appoint counsel prior to the
filing deadline, and because the trial court re-appointed Rosen, we held that the re-appointment would be treated as a rescission of the November 2004 order allowing
counsel to withdraw. Id. In that same published order, we further held that an
appointment beyond the 30 days allowed by Article 11.071 § 2(c) is untimely and not
allowed by the statute.
 
•         May 19, 2005 – Attorney Sidney Crowley, whom Rosen had contacted to assist in
preparing the habeas application, visited applicant in prison. In the face-to-face
meeting, applicant told Crowley that he did not want a writ application filed on his
behalf. Upon further questioning, applicant reiterated his position.
 
•         June 22, 2005 – Applicant wrote another letter to the trial court asking it to disregard
his last request to drop his appeals. 
 
•         July 11, 2005 (Monday) – Rosen filed an Article 11.071 habeas application on
applicant’s behalf.
 
•         December 14, 2005 – This Court affirmed applicant’s conviction and sentence on
direct appeal. Reynoso v. State, No. AP-74,952 (Tex. Crim. App. Dec. 14, 2005) (not
designated for publication).
 
•         January 9, 2006 – The State filed its answer on habeas.
 
•         October 11, 2006 – The trial court entered findings of fact and conclusions of law
recommending that relief be denied on the single claim raised in applicant’s habeas
application.
 
•         October 19, 2006 – Applicant filed an application for the appointment of new habeas
counsel in the trial court. The document appears to have been mailed on October 12,
2006, one day after the court issued its findings and conclusions regarding applicant’s
habeas application.
 
•         December 20, 2006 – This Court ordered the trial court to resolve the issues raised in
applicant’s pro se application for the appointment of new counsel. Ex parte Reynoso,
No. WR-66,260-01 (Tex. Crim. App. Dec. 20, 2006) (not designated for publication).
 
•         May 4, 2007 – The trial court addressed the issues raised in applicant’s pro se
application for the appointment of new counsel as directed by this Court’s order of
December 20, 2006. The trial court issued findings and conclusions and
recommended that the pending application filed by Rosen be withdrawn and new
counsel appointed. 
 
•         June 27, 2007 – This Court dismissed applicant’s habeas application as untimely. We 
later granted rehearing on our own initiative and asked for briefs.

           With this background in mind, we now turn to the issues to be determined in this case.
B.       The Time to File
           The first issue to determine is whether, under the facts of this case, the original due
date was governed by the 45-day rule or the 180-day rule of Article 11.071. Article 11.071
§ 4(a) provides that:
[a]n application for a writ of habeas corpus, . . ., must be filed in the convicting
court not later than the 180th day after the date the convicting court appoints
counsel under Section 2 or not later than the 45th day after the date the state’s
original brief is filed on direct appeal with the court of criminal appeals,
whichever date is later.

In the original version of the statute, the 180-day time frame was only applicable to “those
applicants” convicted prior to September 1, 1995, the effective date of the statute. However,
later versions of the statute retained the 180-day language without regard to the date of
conviction. Therefore, in the proper instance, the 180-day deadline will apply. Applicant
makes an alternative argument on reconsideration of his writ application that the 180-day rule
should apply because 180 days after counsel’s reappointment was a later date than 45 days
after the date the State’s brief was filed on direct appeal. Applying the 180-day due date rule
in the instant case would clearly make the July 11, 2005, filing timely.
           In In re Reynoso, this Court held that the trial court had properly interpreted Article
11.071 § 4(a) to require that, “despite the date on which counsel was reinstated, applicant had
until the 45th day after the State filed its response brief to file or seek an extension of time to
file the application.” 161 S.W.3d 516. Article 11.071 § 2 provides that, “immediately after
judgment is entered [in a death penalty case],” the convicting court shall determine if the
defendant is indigent and, if so, whether he desires the appointment of counsel for the
purpose of filing a writ of habeas corpus. If the answer to both questions is “yes,” then the
convicting court “[a]t the earliest practical time, but in no event later than 30 days” after
making the above findings, shall appoint competent counsel. Art. 11.071 § 2(c).    A jury
convicted applicant of capital murder on May 12, 2004, and the court sentenced him to death
pursuant to the jury’s answers to the punishment special issues. On May 19, 2004, the court
appointed Rosen to represent applicant for the purpose of filing an application of writ of
habeas corpus. Because this appointment was made within the “immediately after judgment
is entered” plus 30-day period, it was a timely and authorized appointment under Section 2
of the statute. Without regard to the possible application of Texas Rule of Appellate
Procedure 4.1, 180 days from this appointment would have been November 15, 2004. The
State’s brief was filed in applicant’s direct appeal on February 23, 2005. Therefore, clearly,
45 days after this date provided the later of the two dates. 
           Applicant’s alternative argument– the 180-day rule should apply because 180 days
after counsel’s reappointment was a later date than 45 days after the date the State’s brief was
filed on direct appeal–is not persuasive. Under the plain language of Article 11.071 § 4(a),
counsel’s April 4, 2005, reappointment does not qualify as counsel appointed “under Section
2”; that is, the appointment was not made within the “immediately after judgment is entered”
plus 30-days period. See Tex. Gov’t Code Chapter 311 (the Code Construction Act). We
followed this interpretation of the statute in In re Reynoso, when we construed the Section
2 language to mean that an appointment made beyond the 30-day period established by
Article 11.071 § 2(c) is untimely and not allowed by the statute. 161 S.W.3d at 516. We
further explained that, when the trial court allowed timely appointed counsel to withdraw,
the effect for the purposes of Article 11.071 was that applicant was considered to have
chosen to proceed pro se, at least until the filing deadlines had passed. Id.
           When applicant later changed his mind and asked the court to appoint counsel prior
to the filing deadline, and because the trial court re-appointed the same counsel, we held that
the re-appointment would be treated as a rescission of the November 2004 order allowing
counsel to withdraw. Id. Put another way, we essentially held in In re Reynoso that the trial
court initially timely appointed counsel, then applicant “substituted” in as his own counsel,
and finally counsel “substituted” in for pro se “counsel” without changing the applicable due
date. Because the 180-day deadline runs from the latest date the court could have or should
have appointed counsel (that is, within 30 days after the court determines whether the
applicant is indigent and desires the appointment of counsel, which findings should be made
“immediately after judgment is entered in the case”), the 45-day deadline provided the later
date.


 
C.       The Application of Texas Rule of Appellate Procedure 4.1 and the Code
Construction Act

           Having determined that applicant was subject to the 45-day rule governing the
applicable due date, we must now determine whether to apply Texas Rule of Appellate
Procedure 4.1 or Chapter 311 of the Texas Government Code (the Code Construction Act)
to the calculation of time for filing under Article 11.071. The State’s brief was filed in
applicant’s direct appeal on February 23, 2005. Under the 45-day rule, applicant’s
application for writ of habeas corpus was originally due “not later than” April 9, 2005, a
Saturday (hereinafter referred to as the “original due date”).
           Texas Rule of Appellate Procedure 4.1(a) (Computing Time) provides:
The day of an act, event, or default after which a designated period begins to
run is not included when computing a period prescribed or allowed by these
rules, by court order, or by statute. The last day of the period is included, but
if that day is a Saturday, Sunday, or legal holiday, the period extends to the end
of the next day that is not a Saturday, Sunday, or legal holiday.

The Code Construction Act § 311.014 (Computation of Time) provides:
(a) In computing a period of days, the first day is excluded and the last day is
included.
 
(b) If the last day of any period is a Saturday, Sunday, or legal holiday, the
period is extended to include the next day that is not a Saturday, Sunday, or
legal holiday.

If applicant had been prepared to file his application on or before the original due date of
Saturday, April 9, 2005, then both of the above provisions mandate that an application filed
on Monday, April 11, would be considered timely. But applicant did not file his application
on the original due date. Rather, he asked for and received a 90-day extension, which is
allowed by Article 11.071 § 4(b). Thus, the question becomes on what day the 90-day
extension began. If the extension began on April 9, 2005, as the State argues, then applicant
would have been required to file his application on or before Friday, July 8, 2005. If the
extension began on April 11, 2005, as applicant argues, then applicant would have been
required to file his application on or before Sunday, July 10, 2005, making his filing on
Monday, July 11, 2005, timely. 
           The Code Construction Act § 311.011(a) provides: “Words and phrases shall be read
in context and construed according to the rules of grammar and common usage.” Section
311.021 states that, in enacting a statute, there is a presumption that the entire statute is
intended to be effective. Texas Code of Criminal Procedure article 11.071 § 4(b) provides:
The convicting court, before the filing date that is applicable to the applicant
under Subsection (a), may for good cause shown and after notice and an
opportunity to be heard by the attorney representing the state grant one 90-day
extension that begins on the filing date applicable to the defendant under
Subsection (a). Either party may request that the court hold a hearing on the
request.

[Emphasis added.] The plain language of this statute means that an applicant must file a
request for an extension of time and the trial court must rule on that request prior to the
original due date. An extension filed or ruled upon on or after the original due date is not
timely under the language of the statute.


 There is no dispute that an extension was filed and
ruled upon in a timely manner in this case.


 
           If an extension to file is denied, then the requirement that an extension be filed and
ruled upon before the original due date for the filing of the application gives an applicant
some time, albeit potentially a very short amount of time, to complete the application and file
it. If the extension is granted, then the applicant knows prior to the due date that he has an
additional 90 days in which to file his application. If his original due date fell on a Saturday,
Sunday, or legal holiday, but an extension was granted before that time, then the purpose for
extending the filing date to the next business day pursuant to Section 311.014 or Rule 4.1
ceases to exist. Thus, in order to give effect to the language in the statute that an extension
“begins on the filing date applicable to the defendant under Subsection (a),” it is reasonable
to conclude that the Legislature intended the extension to begin on the actual calendar day
instead of the date as calculated by the application of Section 311.014 or Rule 4.1. To be
perfectly clear, we hold that Section 311.014 and Rule 4.1 do not apply to the calculation of
an original due date under Article 11.071 § 4(b) when an extension has been granted under
that provision. 
           Having so held, under the facts of this case, the 90-day extension began on April 9,
2005. Excluding April 9 from the 90 days, the extended due date fell on Friday, July 8, 2005. 
See Code Construction Act § 311.014(a)(providing that “[i]n computing a period of days, the
first day is excluded and the last day is included”). Because applicant filed his application
on July 11, 2005, it was untimely.
D.       Article 11.071 § 4A and a Showing of Good Cause 
           When an untimely application is filed, this Court can command counsel to show cause
as to why the application was untimely filed. Art. 11.071 § 4A(a). At the conclusion of
counsel’s presentation, the Court may:
(1) find that good cause has not been shown and dismiss the application;
 
(2) permit the counsel to continue representation of the applicant and establish
a new filing date for the application . . .; or
 
(3) appoint new counsel to represent the applicant and establish a new filing
date[.]

Art. 11.071 § 4A(b). In Ex parte Reynoso, 228 S.W.3d 163 (Tex. Crim. App. 2007), this
Court found that the delay in filing applicant’s application was attributable to applicant’s own
continued insistence upon waiving habeas corpus review. Indeed, the record shows that less
than a week after counsel was timely appointed, applicant told the trial court that he did not
want to pursue habeas corpus review, and he maintained that position for nearly ten months,
until March 2, 2005. The trial court allowed counsel to withdraw in early November 2004. 
On April 4, 2005, counsel was re-appointed to file a habeas application on applicant’s behalf,
but less than a month later applicant was again expressing his desire to waive habeas relief. 
Indeed, when co-counsel went to the prison to discuss the case with applicant, applicant told
him quite emphatically that he did not want to pursue habeas review. Nearly two months
after that, applicant told the court that he did want to pursue habeas review. Based on
applicant’s waffling, this Court found that no good cause had been shown under Article
11.071 § 4A and dismissed the application. Ex parte Reynoso, 228 S.W.3d at 166.
           However, in focusing solely on applicant’s behavior and actions in Ex parte Reynoso,
we did not consider counsel’s role in the habeas proceedings and in the filing of the
application. Id. For the purposes of this case, the primary fact we must consider is the same
fact on which we granted reconsideration: the application of Rule 4.1 and Code Construction
Act § 311.014 to the calculation of time to file. Although we held earlier in this opinion that
counsel improperly applied the provisions resulting in an untimely filed application, we
cannot say, in the absence of controlling authority to the contrary, that counsel’s
interpretation of the application of the provisions was completely unreasonable. In other
words, his tardiness in filing was due to a mistaken, but not totally implausible, interpretation
of the law. Under these circumstances, we will find good cause for the tardy filing, accept
the application as timely filed as of July 11, 2005, and review the merits of the claim raised. 
See Art. 11.071 § 4A(b)(2).
           Applicant presented one claim in his application. Because that claim was raised and
rejected on direct appeal, it is not cognizable on habeas review. Ex parte Torres, 943 S.W.2d
469, 475 (Tex. Crim. App. 1997). Relief is denied.
 
Delivered: July 2, 2008.
Publish