

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,963

### EX PARTE JUAN JOSE REYNOSO

## ON APPLICATION FOR WRIT OF HABEAS CORPUS
## IN CAUSE NO. 941651-A FROM THE
## 263RD DISTRICT COURT OF HARRIS COUNTY

**PRICE, J., filed a concurring opinion.**

## <u>CONCURRING OPINION ON REHEARING</u>
## <u>ON COURT'S OWN MOTION</u>

On June 27, 2007, we entered an order dismissing the applicant's initial application

for writ of habeas corpus as untimely under Article 11.071, Section 4 of the Texas Code of

Criminal Procedure.[1]  We do not entertain rehearings from the denial of relief in writ

---

[1] *Ex parte Reynoso*, 228 S.W.3d 163 (Tex. Crim. App. 2007).

applications, under Rule 79.2(d) of the Texas Rules of Appellate Procedure.[2] Accordingly, the applicant filed, not a motion for rehearing, but a suggestion that we reconsider our initial disposition on our own initiative, which Rule 79.2(d) authorizes us to do.

In dismissing the applicant's initial writ application as untimely, our calculation was based upon a construction of Article 11.071, Section 4(b), which provides that a 90-day extension may be granted, to begin running "on the filing date applicable to the defendant under Subsection (a)."[3] Even though the "filing date applicable to the defendant under Subsection (a)" fell on a Saturday, we held that the 90-day extension that the applicant obtained should begin to run on that date, according to the plain language of Subsection (a).

In his motion suggesting that we reconsider the case on our own initiative, the applicant argues that when one considers the application of Rule 4.1(a) of the Texas Rules of Appellate Procedure,[4] his initial application was timely filed. This question was not briefed by the parties prior to our dismissal of the initial writ application. We therefore

---

[2] TEX. R. APP. P. 79.2(d) ("A motion for rehearing an order that denies habeas corpus relief under Code of Criminal Procedure, articles 11.07 or 11.071, may not be filed. The Court may on its own initiative reconsider the case.").

[3] TEX. CODE CRIM. PROC. art. 11.071, § 4(b).

[4] TEX. R. APP. P. 4.1(a) ("The day of an act, event, or default after which a designated period begins to run is not included when computing a period prescribed or allowed by these rules, by court order, or by statute. The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday.").

granted rehearing on our own initiative of our order dismissing the applicant's initial writ application, limited to the issue of how Rule 4.1(a) should apply in this situation, and whether the applicant's initial writ application was timely filed in view of that rule.

A 90-day extension, if granted under the provisions of Article 11.071, Section 4(b), begins to run, by the plain terms of the statute itself, "on the filing date applicable to the defendant under Subsection (a)" of Section 4. Subsection (a) of Section 4, as it applies to the applicant's case, required him to file his initial writ application "not later than the 45[th] day after the date the state's original brief [was] filed on direct appeal with" this Court. The Court's order on original submission assumed, without deciding, that "the filing date applicable . . . under Subsection (a)" would be determined without resort to provisions outside of Article 11.071 that ordinarily inform our interpretation of statutory time computations.[5] One of those outside provisions is Rule 4.1(a). Another is Section 311.014(b) of the Code Construction Act,[6] which applies to judicial interpretation of amendments and revisions to the Code of Criminal Procedure.[7]

---

[5] *Ex parte Reynoso*, *supra*, at 165.

[6] TEX. GOV'T CODE § 311.014(b) ("If the last day of *any period* is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday.").

[7] *See* TEX. GOV'T CODE § 311.002(2) ("This chapter [including § 311.014] applies to . . . each amendment, repeal, revision, and reenactment of a code or code provision by the 60[th] or a subsequent legislature[.]"). Article 11.071 of the Code of Criminal Procedure was enacted by the 74th Legislature. *See* Acts 1995, 74th Leg., ch. 319, § 1, eff. Sept. 1, 1995. Therefore, Section 4(b) of Article 11.071 must

According to these explicit time-computation provisions, a period of time that is designated by statute or code should never be construed as ending on a weekend or holiday. Indeed, "any period" of time so designated shall be calculated in this way,[8] regardless of the context, unless the specific statute that sets out that period expressly and explicitly provides otherwise. Subsection 4(a) of Article 11.071 does not provide otherwise.[9] It merely designates a particular period of time, namely, 45 days from the date the State files its

_____

be construed with reference to the provisions of the Code Construction Act. *Ex parte Ruthart*, 980 S.W.2d 469, 472 n.4 (Tex. Crim. App. 1998); *Ex parte Torres*, 943 S.W.2d 469, 473 n.5 (Tex. Crim. App. 1997); *Postell v. State*, 693 S.W.2d 462, 464 (Tex. Crim. App. 1985); *Barbee v. State*, 432 S.W.2d 78, 82 (Tex. Crim. App. 1968). *See* George E. Dix & Robert O. Dawson, 40 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 0.63 (2d ed. 2001) at 23.

[8]

TEX. GOV'T CODE § 311.014(b).

[9]

By contrast, Subsection 4(b) of Article 11.071 *does* expressly designate a method of computing the 90-day extension period that deviates from the usual code-construction norm. Subsection 4(b) expressly provides that the 90-day extension "begins on the filing date applicable to the defendant under Subsection (a)." This means that the last day of the 45-day period (however that should be determined) is also the first day of the 90-day extension. In other words, the first day is included in the 90-day calculation, contrary to the general rule of statutory and code construction embodied in both the first sentence of Rule 4.1(a) of the Rules of Appellate Procedure ("The day of an act, event, or default after which a designated period begins to run is not included when computing a period prescribed or allowed by these rules, by court order, or by statute.") and Section 311.014(a) of the Code Construction Act ("In computing a period of days, the first day is excluded and the last day is included."). This express deviation from the code-construction norm should of course control, since the Code Construction Act itself contemplates that specific provisions should control over general ones. TEX. GOV'T CODE § 311.026(b) (where general and special statutory provisions are irreconcilable, special provision will prevail). But Article 11.071 contains no comparable language to indicate that the general rule embodied in Rule 4.1(a) and Section 311.014(b)—that the last day of any given period should not be construed to fall on a weekend or holiday—should not apply, or that it should be deemed to apply only selectively (for example, at the end of the 90-day extension, but not at the end of the 45-day initial period whenever a 90-day extension is granted).

appellate brief. In calculating that 45-day period time, *for whatever purpose*, both Rule 4.1(a) and Section 311.014(b) express a legislative intent that we should extend the period to the next business day should the last day happen to fall on a weekend or holiday. These computation of time provisions are indifferent to whether we are calculating the period of time for purposes of determining when an initial capital writ application should be filed, assuming no 90-day extension has been granted pursuant to Subsection 4(b), or whether, instead, we are calculating when a 90-day extension that *is* granted under Subsection 4(b) should be construed as beginning to run. The statutory construction provisions do not instruct us to take into account *why* we are calculating a relevant period of time—they only tell us *how* to calculate it.

If my understanding of how the 45-day period should be calculated is faulty, and the Court is correct not to consider the application of Rule 4.1(a) and Section 311.014, it nevertheless cannot be gainsaid that my understanding is at least a plausible one. It would not have been unreasonable for the applicant's attorney to have believed his initial writ application was timely filed. Indeed, neither the parties nor the trial court questioned its timeliness, and it was this Court that first declared that there was a problem. Even by the Court's (in my view erroneous) calculation, the applicant's writ application was filed on the next business day after it was due. It is clear that the applicant was not personally at fault here; any fault was with his attorney. The lateness of the filing (if any) was plainly

attributable to habeas counsel's "dereliction" (if any) in miscalculating (assuming he did) the due date, *not* to any obstructive or contumacious conduct on the applicant's part, as the Court concluded on original submission.[10]  For all of the applicant's apparent uncertainty with respect to whether he wanted to waive his right to proceed with a habeas application, any lateness of the application that ultimately *was* filed on his behalf obviously proceeded from habeas counsel's miscalculation, not from the applicant's vacillation.  We have treated such reasonable miscalculations in the past as sufficient to justify permitting late-filing under Article 11.071, Section 4A(b)(2).[11]  For this reason the Court ultimately reaches the merits of the applicant's single (albeit, in the Court's view, untimely filed) claim, and appropriately denies it.  I concur in that result.

Filed:  July 2, 2008
Publish

---

[10]

    *See Ex parte Reynoso*, *supra*, at 165 ("The provision for appointment of new counsel is designed to safeguard the statutory right to a habeas remedy from the actions of derelict counsel.  That provision should not be used to afford a remedy when the applicant himself is responsible for the lateness of the application.  Otherwise, applicants would acquire a new tool for 'gaming the system' in order to delay execution.").

[11]

    TEX. CODE CRIM. PROC. art. 11.071, § 4A(b)(2) ("At the conclusion of the counsel's presentation [of good cause] to the court of criminal appeals, the court may . . . permit the counsel to continue representation of the applicant and establish a new filing date for the application, which may not be more than 180 days from the date the court permits the counsel to continue representation[.]").  *See, e.g., Ex parte Perez*, (Tex. Crim. App., No. WR-56,440-01, delivered July 15, 2003);  *Ex parte Masterson*, (Tex. Crim. App., No. WR-59,481-01, delivered July 6, 2004;  *Ex parte Murphy*, (Tex. Crim. App., No. WR-63,549-01, delivered December 14, 2005).