IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,350-01






EX PARTE RICHARD TABLER








ON NOTICE OF NO APPLICATION FOR WRIT OF HABEAS CORPUS


FILED IN CAUSE NO. 57382 IN THE 264TH DISTRICT COURT

BELL COUNTY





 Per Curiam. 

 

O R D E R



 This case is before us because no application for writ of habeas corpus has been filed
pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071. (1) Applicant
has filed in this Court a "Motion to Permit Counsel to Continue or Resume Representation
of the Applicant and to Establish a New Filing Date for the Application."

 On April 24, 2007, the trial court appointed David A. Schulman to represent Applicant
in a post-conviction writ of habeas corpus under Article 11.071. On October 1, 2008, the
State filed in this Court its brief on Applicant's direct appeal. Pursuant to Article 11.071, §
4(a), counsel should have filed Applicant's application for writ of habeas corpus in the
convicting court no later than November 17, 2008. No application was filed. 

 In the motion before us, habeas counsel explains that Applicant has made repeated
"'on again - off again' requests to drop all appeals." Following a hearing on September 30,
2008, the trial court issued an order on November 5, 2008, granting Applicant's request to
dispense with his habeas corpus action. On June 29, 2009, Applicant changed his mind and
wrote the trial court a letter requesting that his "appeal" be reinstated. Habeas counsel argues
in the motion before us that good cause has been shown to proceed under Article 11.071, §
4A(b)(2), because of Applicant's "inability to make sound informed decisions." However,
the record of the trial court's hearing on September 30, 2008, demonstrates that Applicant
made a knowing and voluntary choice to waive habeas review. We find that the failure to
file Applicant's application for writ of habeas corpus is attributable to Applicant's own
continued insistence on foregoing any such remedy. See Ex parte Reynoso, 228 S.W.3d 163,
166 (Tex. Crim. App. 2007). Good cause has not been shown under Article 11.071, § 4A. 
See id. Therefore, we deny Applicant's "Motion to Permit Counsel to Continue or Resume
Representation of the Applicant and to Establish a New Filing Date for the Application." 
 IT IS SO ORDERED THIS THE 16TH DAY OF SEPTEMBER, 2009.

Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of Criminal
Procedure.